Nolan E. WILSON, Appellant,

v.

BRICKSTONE PRODUCTS CORPORA-
TION, Appellee.

No. 14942.

Court of Civil Appeals of Texas,
San Antonio.

March 3, 1971.

Rehearing Denied March 31, 1971.

Green & Kaufman, James Ingram, San
Antonio, for appellant.

BARROW, Chief Justice.

Appellant seeks to review by petition for
writ of error the summary judgment
granted against him in appellee's suit to re-
cover on a building contract. Although
appellee did not file a reply brief herein, it
has filed a motion to dismiss the petition
for writ of error for lack of jurisdiction of
this court.

It is asserted by appellee that the sum-
mary judgment is final, and therefore, we
have no jurisdiction to review same. It is
true that on February 4, 1970, final judg-
ment was signed in this cause based on ap-
pellee's motion for summary judgment.
However, on July 30, 1970, appellant filed
his petition for writ of error together with
proper appeal bond. Article 2249,[1] author-
izes an appeal or writ of error to the
Court of Civil Appeals from a final judg-
ment of the district court in civil cases.
Article 2249a limits the right to review by

1. All statutory references are to Vernon's Annotated Civil Statutes.

writ of error by providing in part that, "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

■ Here appellant filed a general denial in response to appellee's original petition. The stipulation of the parties reflects that neither appellant nor his attorney made any appearance before the court, nor participated during the trial or hearing of the motion for summary judgment. It is settled law that the mere filing of an answer does not constitute *participation* in the actual trial of the case so as to bar review by writ of error. Phillips Petroleum Company v. Bivins, 423 S.W.2d 340 (Tex. Civ.App.—Amarillo 1967, writ ref'd n. r. e.); Petroleum Casualty Company v. Garrison, 174 S.W.2d 74 (Tex.Civ.App.—Beaumont 1943, writ ref'd w. o. m.); Appellate Procedure in Texas, Participation in the Trial, Section 5.2; 3 Tex.Jur.2d, Appeal and Error—Civil, Section 12.

■ Appellant, not having participated either in person or by his attorney, in the actual trial of this case is entitled to review the final judgment entered herein by his petition for writ of error which was filed herein within six months from date of rendition of the final judgment. Article 2255; Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.1965). Appellee's motion to dismiss is overruled.

Appellee brought this suit to recover on a contract for the application of Brickstone to a structure built by appellant. Although specific reference was made to a written contract entered into by said parties, the contract was not attached to the petition. The petition, although not in the form of a suit on a sworn account as authorized by Rule 185, Texas Rules of Civil Procedure, was verified by the affidavit of appellee's president that the allegations of said petition were true and correct. An unsworn general denial was filed by appellant.

Appellee filed its motion for summary judgment wherein it adopted by reference the sworn pleading filed by it and pointed out that appellant's answer was unverified. No additional facts were asserted by said motion for summary judgment, nor was the contract allegedly entered into by said parties attached thereto. The motion for summary judgment was verified by appellant's attorney.

■ It must be recognized at the outset that since this suit was not filed in the form provided by Rule 185, appellant was not required to file a sworn answer. Rose v. Shearrer, 431 S.W.2d 939 (Tex.Civ.App. —San Antonio 1968, no writ). Thus the question before us is whether the summary judgment is supported by appellee's sworn pleading.

This question was recently considered by the Supreme Court in Hidalgo v. Surety Savings & Loan Association, 462 S.W.2d 540, of February 3, 1971. There plaintiff's petition was sworn to as being true and correct and the question was whether the summary judgment was supported by this sworn pleading. In answering this question in the negative, it was held: "The allegations in Surety's petition, although sworn to, do not constitute summary judgment proof. Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes."

■ Here there was no summary judgment proof of the contract allegedly entered into by the parties and which contract formed the basis of appellee's cause of action. Nor was there proof of the performance by appellee or breach by appellant. It cannot be said that this lack of evidence amounted to a purely formal deficiency which was waived by appellant's failure to appear and object in the trial court. Cf. Youngstown Sheet & Tube Company v. Penn, 363 S.W.2d 230 (Tex. 1963). Accordingly, the trial court erred in granting its motion for summary judgment. Since the case must be remanded, it

is unnecessary to consider appellant's point urging the absence of any proof regarding the claim for reasonable attorneys' fees.

The judgment of the trial court is reversed and remanded.