**William D. REITMEYER d/b/a Cadillac Sales and Service, Appellant,**

v.

**CHARM CRAFT PUBLISHER, Appellee.**

**No. 6287.**

Court of Civil Appeals of Texas, Waco.

July 2, 1981.

Robert S. Morris, Feeney, Morris, O'Hanlon & Moore, P.C., Austin, for appellant.

Michael Deitch, Salmanson, Smith & Mouer, Austin, for appellee.

OPINION

McDONALD, Chief Justice.

Defendant seeks by writ of error to set aside a default judgment rendered against him by the trial court for $1,747.98.

Plaintiff Charm Craft sued defendant Reitmeyer on sworn account of $1,195 interest and attorney's fees. On October 5, 1979 defendant filed with the County Clerk of Travis County his answer, pro se. On November 16, 1979 there was nothing in the case file to indicate that an answer had been filed, and the trial court rendered default judgment against defendant for $1,747.98. The Clerk of the Court mailed notice of default judgment to defendant on November 29, 1979. On February 14, 1980, within six months after the entry of the default judgment defendant filed his petition for writ of error.

Defendant urges one point: "The trial court erred in rendering default judgment against [defendant] because an answer was on file at the time the default judgment was rendered".

Article 2249a provides that a writ of error is available to one who has not participated in the actual trial of a case. Article 2255 provides the writ of error must be sued out within six months after the final judgment is rendered.

The Statement of Facts as well as the judgment show defendant did not participate in the trial of the case.

■ The filing of an answer does not constitute participation in the actual trial of a case so as to bar review by writ of error. *Wilson v. Brickstone Products Corp.*, Tex. Civ.App., (San Antonio) NRE, 465 S.W.2d 183.

■ Defendant's right to relief by writ of error depends on a showing of the invalidity of the judgment from the papers on file in the case. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706; *Smith v. Smith*, Tex., 544 S.W.2d 121.

The transcript shows that defendant had an answer on file with the Clerk; the Clerk's file stamp shows it was filed on October 5, 1979. The judgment shows it was rendered on November 16, 1979.

■ When an answer is deposited with the Clerk for the purpose of making it part of the records in the case, it is filed. *Hanover Fire Ins. Co. v. Shrader*, 89 Tex. 35, 33 S.W. 112; *Griffin v. Browne*, Tex.Civ.App., (Houston 1) NRE, 482 S.W.2d 716.

Rule 239 TRCP provides that a plaintiff may take a default judgment any time after a defendant is required to answer "if he has not previously filed an answer".

■ The fact that through inadvertence the defendant's answer was not in the case file does not make the default judgment proper. And the fact that suit was on sworn account and an answer was unverified does not warrant the rendition of a default judgment. *Stanford v. Lincoln Tank Co.*, Tex.Civ.App., (Fort Worth) NWH, 421 S.W.2d 412.

Defendant's point is sustained.

REVERSED and REMANDED.