Randy Scott FRANK, Appellant,

v.

Sandra Louise Frank CORBETT, Appellee.

No. 10–83–297–CV.

Court of Appeals of Texas, Waco.

March 15, 1984.

Joe Alfred Izen, Jr., Afton J. Izen, Houston, for appellant.

James R. Jenkins, Jenkins & Jenkins, P.C., Waxahachie, for appellee.

HALL, Justice.

On July 14, 1983, appellee Sandra Louise Frank Corbett recovered a default judgment against appellant Randy Scott Frank for $12,500.00 actual damages plus $5,000.00 in punitive damages in her suit against appellant for one-half the proceeds of an insurance policy obtained by appellant on a house jointly owned by them. The judgment reflects on its face that it is a "no answer" default judgment, reciting that although served with citation appellant "did not file an answer and thus was in default."

On appellant's motion after perfection of this appeal, we granted appellant leave to file a supplemental transcript to bring forward an answer assertedly filed by him before the judgment was rendered because, if such answer was on file when the judgment was taken, it should have been included in the original transcript since it constituted a "live pleading upon which the trial was had" and its absence from the transcript cannot be charged against appellant. Rule 376, Vernon's Tex.Rules Civ.

Proc.; *Gay v. City of Hillsboro,* 545 S.W.2d 765, 766 (Tex.1977). The supplemental record, timely filed, shows without question that appellant's original answer was filed with the clerk of the trial court on July 11, 1983. This answer contained a general denial, special denials, affirmative defenses, and a claim for affirmative relief. At the end of the answer a lined space was provided for the signature of appellant's attorney over the attorney's name, his State Bar of Texas identification number, address and telephone number, but neither appellant nor his attorney had signed the instrument.

■ Rule 245, Vernon's Tex.Rules Civ. Proc., provides in part as follows: "The court may set contested cases on motion of any party, or on the court's own motion, with reasonable notice of not less than 10 days to the parties, ..." A judgment rendered against a party in a contested case without the notice of setting required by this rule constitutes a denial of due process, the fundamental right of an opportunity to be heard, and the judgment is void. *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428, 433 (1959); *Morris v. Morris,* 554 S.W.2d 792, 793 (Tex.Civ.App.—San Antonio, 1977, no writ).

■ In our case, with appellant's answer on file, judgment was taken against appellant without notice of the trial setting required by Rule 245. The answer should have been signed by appellant or his attorney, Rules 45 and 57, Vernon's Tex. Rules Civ.Proc., but this signing is only a formal requisite and the lack of it did not affect the efficacy of the answer as a contest of appellee's suit. *W.C. Turnbow Petroleum Corporation v. Fulton,* 145 Tex. 56, 194 S.W.2d 256, 257 (1946). Similarly, the fact that the answer was not in the clerk's case file when the judgment was taken, asserted by appellee in her brief, does not make the default judgment valid. *Reitmeyer v. Charm Craft Publisher,* 619 S.W.2d 441, 442 (Tex.Civ.App.—Waco 1981, no writ).

The judgment is reversed and this cause is remanded for trial.