**UNIVERSITY OF TEXAS SYSTEM, Appellant,**

**v.**

**AINSA, SKIPWORTH, ZAVALETA AND BUTTERWORTH, and Juana De La Cruz, Appellees.**

No. 08-91-00065-CV.

Court of Appeals of Texas, El Paso.

Jan. 8, 1992.

Peter B. Plotts, III, Nelly R. Herrera, Asst. Attys. Gen., Tort Litigation Div., Dan Morales, Atty. Gen., Austin, for appellant.

Stevenson H. Price, Robert A. Skipworth, Ainsa, Skipworth, Zavaleta & Butterworth, Harold E. Crowson, Jr., Crowson & Ingram, El Paso, for appellees.

Juana De La Cruz, pro se.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

In a self-insured workers' compensation case, University of Texas System (UTS) appeals from a summary judgment granted in favor of the law firm of Ainsa, Skip-

worth, Zavaleta & Butterworth (Intervenor) and Juana De La Cruz (De La Cruz). UTS brings three points of error claiming the trial court erred as a matter of law in granting the summary judgment. We reverse and remand.

Intervenor law firm was employed by De La Cruz on February 27, 1987 to represent her in connection with a workers' compensation claim arising out of an injury that occurred on June 5, 1985 while she was working for UTS. In the power of attorney signed by De La Cruz employing Intervenor, she assigned 25 percent of any recovery exclusive of costs and expenses to Intervenor as its attorney's fees.

Dissatisfied with the award of the Industrial Accident Board, UTS filed suit to set aside that award on October 19, 1987. De La Cruz responded with an answer and counterclaim seeking total and permanent, and in the alternative, partial and permanent, disability. The parties were then realigned and discovery was carried out by both sides. Difficulties arose between De La Cruz and Intervenor culminating in an order, dated November 3, 1989, granting Intervenor's motion to withdraw, which included a request to be protected in any settlement for certain costs and expenses advanced by it in the prosecution of the lawsuit. Three months later, Intervenor filed this intervention in the compensation suit seeking a judgment against De La Cruz for attorney's fees equal to 25 percent of her net recovery plus $3,171.25 in costs and expenses incurred in her behalf. Intervenor also sought judgment against UTS "pursuant to Plaintiff's Assignment Agreement" for its attorney's fees and expenses.

Shortly thereafter, UTS filed a motion for severance of the intervention, reciting that De La Cruz and UTS had reached a settlement and that the intervention which was only a fee dispute between De La Cruz and Intervenor would cause delay, expense and hardship to them (De La Cruz and UTS). Two months later, Intervenor filed a motion for summary judgment for its attorney's fees and costs, again requesting a judgment against UTS "pursuant to Plaintiff's [De La Cruz'] assignment agree-

ment" for its attorney's fees and expenses and directing UTS to pay the fees and costs to which Intervenor was entitled out of any settlement or judgment in De La Cruz' favor directly to Intervenor. Neither De La Cruz, who had no attorney since Intervenor withdrew, nor UTS filed any response to this summary judgment motion. A hearing on UTS's motion for severance and on the motion for summary judgment was held on May 16, 1990. Intervenor and De La Cruz, appearing pro se, were present, but UTS did not appear although Intervenor's attorney stated that UTS had been provided with proper notice. At this point, it appears from the record made at the summary judgment hearing, that the best settlement offer Intervenor had gotten from UTS prior to its withdrawal was $6,500.00 and that UTS and De La Cruz had recently agreed upon a settlement of $8,800.00 with $300.00 of that amount assigned to Intervenor.

Two additional hearings on the motion for summary judgment were held on September 20 and December 13, 1990, notice being given of both settings to UTS. The record shows that the court issued an order directing UTS to appear on December 13 so that the court could hear Intervenor's motion to enter a summary judgment "which awards relief in favor of Intervenor against UNIVERSITY OF TEXAS SYSTEM." With some degree of negligence or arrogance, UTS failed to appear at either hearing or offer any explanation for its nonappearance. Following the latter hearing, the court, on January 7, 1991, signed a summary judgment setting aside the Board award, giving De La Cruz judgment against UTS for $8,800.00, and giving Intervenor judgment against UTS for $3,171.25 for its costs and expenses. No award was made for Intervenor's attorney's fees.

 In its first point of error, UTS complains that the court erred in granting a summary judgment against it in behalf of De La Cruz since she had not filed a motion for summary judgment. A trial court may not grant summary judgment for a party who has not filed a motion for summary

judgment and it is error to do so. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex. 1984); *Seaman v. Seaman,* 686 S.W.2d 206, 212 (Tex.App.—Houston [1st Dist.] 1984), writ ref'd n.r.e., 756 S.W.2d 56 (Tex. 1988). Although De La Cruz appeared at the summary judgment hearings, she at no time filed a motion for or requested that a summary judgment be entered in her favor. She was only interested in getting the agreed judgment between her and UTS approved and entered by the court. Therefore, the trial court erred in granting a summary judgment in her favor.

Based on Intervenor's motion, the only summary judgment that could have been properly entered would have been a partial summary judgment in its favor against De La Cruz for its attorney's fees and/or costs. Of course, being partial and therefore interlocutory, it would have been non-appealable unless severed from the remainder of the case. *Teer,* 664 S.W.2d at 704. In *Dixon v. Shirley,* 531 S.W.2d 386, 387 (Tex.Civ.App.—Corpus Christi 1975), *writ ref'd n.r.e.,* 545 S.W.2d 441 (Tex.1976), a case somewhat similar to ours, the court held that the summary judgment was void as to the non-moving party in whose favor judgment was rendered. The court went on to dismiss the appeal rather than reverse and remand on the mistaken assumption that the summary judgment before it was an interlocutory judgment and therefore not appealable. We disagree with the disposition in *Dixon* for the simple reason that the summary judgment, though erroneous, purports to be a final judgment. On the assumption that the judgment does in fact dispose of all parties and issues, it is a final judgment. Where there is error in a final judgment, the proper disposition is to reverse and remand. *Teer,* 664 S.W.2d at 705. Point of Error No. One is sustained.

Apart from the fact that De La Cruz had not moved for summary judgment, under its second point of error, UTS asserts that the trial court erred in granting a summary judgment on her workers' compensation claim since it was neither addressed in Intervenor's motion or supported by any summary judgment evidence. The trial court may not grant a summary judgment on a cause of action not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Company,* 658 S.W.2d 563, 564 (Tex.1983). The only claims addressed by the motion, the proceedings thereon and proof were those of Intervenor for attorney's fees, costs and expenses. Point of Error No. Two is sustained.

■ In its third point of error, UTS claims that the summary judgment proof offered by Intervenor is insufficient as a matter of law to support a judgment against UTS for Intervenor's costs and expenses.

The employment agreement upon which Intervenor hinges its claim against UTS, styled "POWER OF ATTORNEY," is between De La Cruz and Intervenor only. There is no claim and no evidence to suggest that UTS was ever a party to this agreement nor does the agreement indicate UTS' liability for Intervenor's costs and expenses. The agreement provides in relevant part:

[I]n consideration of the legal services rendered and to be rendered, and the expense incurred and to be incurred by said firm, I do hereby assign and transfer to the said firm Twenty-five per cent [sic] (25%) of this claim and all sums, including both principal and interest, that I may recover upon said claim, whether by compromise settlement or judgment, exclusive of costs and necessary expenses.

The agreement is at best ambiguous as to De La Cruz' liability for Intervenor's costs and expenses. Throughout its pleadings and its brief in response to this appeal, Intervenor appears incorrectly to be using the terms "costs" and "expenses" interchangeably. Money advanced to a client and telephone and copy expenses in connection with a case may well be expenses for which the client is liable but they would not generally be considered costs. Based on the pleadings, Intervenor's claim for costs, as opposed to expenses, against UTS is derivative in nature in the sense that it would only have a claim for those costs

which the court could properly award a successful party at the conclusion of a trial. It would have no claim against UTS for its "expenses" except for those items that might properly be included as costs.

Opinions and conclusions in an affidavit are not competent summary judgment proof and should be disregarded when determining whether the proof is sufficient to support the summary judgment. *Harley–Davidson Motor Company, Inc. v. Young*, 720 S.W.2d 211, 213 (Tex.App.—Houston [14th Dist.] 1986, no writ). "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166a(c). In his affidavit in support of the motion for summary judgment, Intervenor's attorney after reciting that De La Cruz had agreed to reimburse it for the expenses incurred in her behalf, stated that the costs and expenses came to $3,171.25 and concluded that it was entitled to recover that amount as "reimbursement for expenses." Intervenor provided the court with no supporting proof or itemized list of these costs and expenses. The only clue as to the items and amounts included in the total sought and awarded was to be found in Intervenor's motion to withdraw where it had itemized "costs" totalling $2,766.25 including money advanced to De La Cruz, and telephone, copy and postage expenses. Intervenor contends that De La Cruz could have readily controverted the amount stated in the affidavit as expenses incurred in her behalf; however, there is nothing in the summary judgment proof to suggest that she was aware of the itemized costs and expenses. We conclude that Intervenor's proof is insufficient to support its grounds for summary judgment. We sustain UTS' third point of error.

Judgment is reversed and the cause remanded for further proceedings.