PER CURIAM.
 

 The issue in this case is whether a pauper’s affidavit suffices as a pro se answer, entitling a defendant to notice of a hearing on a motion for default judgment. Ms. Hughes, a pro se defendant, orally answered Habitat’s allegations in a forcible entry and detainer action in the justice court. Habitat prevailed, and Ms. Hughes appealed. Pursuant to her appeal in the county court, she filed a pauper’s affidavit but failed to file a written answer as required by Texas Rule of Civil Procedure 753. Thus, the county court granted a default judgment in favor of Habitat, although Ms. Hughes was never notified of the hearing. The court of appeals affirmed the default judgment, holding that a pauper’s affidavit did not entitle Ms. Hughes to notice of the hearing.
 

 In
 
 Smith v. Lippmann,
 
 we held that a defendant’s signed letter to the court clerk
 
 *873
 
 confirming receipt of the citation, identifying the case and parties, and providing the defendant’s current address, sufficed as a pro se answer, entitling the defendant to notice of any further proceedings in the case. 826 S.W.2d 137 (Tex.1992) (per curiam). Under these circumstances, because the pauper’s affidavit supplied the type of information we found adequate for a pro se answer in
 
 Lippmann,
 
 we hold that Ms. Hughes was entitled to notice of the hearing on Habitat’s motion for default judgment.
 

 Pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of the court grants the application for writ of error, reverses the judgment of the court of appeals, and remands the case to the trial court for further proceedings consistent with this opinion.
 

 ENOCH, J., not sitting.