**Ealy Andrew BENNETT, Appellant,**

v.

**Elizabeth Ann BENNETT, Appellee.**

**No. A14–93–00112–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 30, 1993.

Opinion Overruling Motion for Rehearing March 17, 1994.

Rehearing Denied March 17, 1994.

Dianne Richards, Houston, for appellant.

Charles J. Brink, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

**OPINION**

J. CURTISS BROWN, Chief Justice.

This is an appeal from a default judgment resulting from appellant's failure to file an answer to a Motion in Suit Affecting the Parent Child Relationship. Appellant raises nine points of error. We reverse and remand because appellant filed an answer before the default judgment was granted.

In his first six points of error appellant complains that the trial court erred by granting appellee a default judgment because: 1) appellant had an answer on file; 2) appellant was not notified of the date of trial; 3) there was no evidence that notice of the trial setting was given to appellant; 4) the evidence that notice had been given to appellant was against the great weight and preponderance of the evidence; 5) the lack of notice to appellant violated his constitutional right to due process; and 6) appellee did not give appellant forty-five days notice of the trial setting. In his last three points of error, appellant contends that the evidence presented at the hearing on appellee's motion was insufficient for the court to appoint a new managing conservator for the child.

In his first point of error, appellant complains the trial court erred in granting a default judgment because he had an answer on file. A no-answer default judgment may not be rendered after the defendant has filed an answer. TEX.R.CIV.P. 239; *Davies v. Jefferies*, 764 S.W.2d 559, 560 (Tex.1989). Appellant filed an answer on September 14, 1992. The court rendered a default judg-

ment on September 22, 1992. Although appellant's answer did not contain a certificate of service, even a defective answer will prevent a default if it is filed before the court announces judgment. *Reitmeyer v. Charm Craft Publisher,* 619 S.W.2d 441, 442 (Tex. App.—Waco 1981, no writ). Appellant's first point of error is sustained.

Because we are reversing the trial court on appellant's first point of error, we need not discuss his other points of error. The judgment of the trial court is reversed and remanded in accordance with this opinion.

ELLIS, J., not participating.

### OPINION ON MOTION
### FOR REHEARING

In his Motion for Rehearing, appellee states that "this entire matter turns on whether the computer printout generated at the District Clerk's office stating on one line that an answer was filed by the appellant is a legally sufficient answer." Appellee argues that such a printout is, if anything, a title and does not substitute as an answer. Appellee concludes that appellee was entitled to a default judgment since there was no answer other than the printout in the record.

However, appellee overlooked the fact that appellant filed a hand written general denial on September 14, 1992. Appellee's default judgment was rendered on September 22, 1992.

Appellee's Motion for Rehearing is overruled.

ELLIS, J., not participating.