**R.T.A., INTERNATIONAL, INC., Appellant,**

v.

**Eloy CANO, Appellee.**

No. 13–94–103–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 11, 1996.

Rehearing Overruled Feb. 8, 1996.

Edmundo O. Ramirez, Ellis, Koeneke & Ramirez, McAllen, Cynthia G. Gutierrez, Ellis, Koeneke & Ramirez, McAllen, for appellant.

Francisco J. Enriquez, Enriquez & Gonzalez, McAllen, James W. Hill, Longview, Andrew M. Trusevich, Fort Worth, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

**OPINION**

RODRIGUEZ, Justice.

R.T.A. International, Inc. ("RTA") appeals from a default judgment. RTA's original answer, submitted by the company's regis-

---

22. *Almazan v. State,* 140 Tex.Crim. 432, 145 S.W.2d 576, 579 (1940).

23. *Etheredge,* 542 S.W.2d at 150.

tered agent, was struck and the default judgment granted on the basis that Rule 7 of the Rules of Civil Procedure requires that an attorney answer for a corporation. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Eloy Cano was injured on the job while working for RTA, a California corporation registered to do business in Texas. Cano filed a Workman's Compensation claim and was later fired. Claiming discrimination under Article 8307c of the Texas Workman's Compensation Law, TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon 1967), Cano filed suit and served RTA through its registered agent, Patrick Huang. Huang signed and timely filed a response on behalf of the corporation which he characterized as "In answer to the above citation ... to address the causes of action claimed against RTA INTERNATIONAL, INC. by plaintiff Eloy Cano." Huang is not an attorney. The response was printed on company letterhead, made reference to the cause number and style of the case, and rebutted each claim asserted by Cano. Cano proceeded with the filing of requests for production, interrogatories, and requests for admissions. Two and one-half years later, Cano moved for a default judgment contending that RTA failed to make a legally sufficient appearance and answer following proper citation and service. In an *ex parte* proceeding, the trial court deemed the allegations in Cano's petition "admitted by default" and awarded Cano $4.2 million in damages.[1]

RTA filed a formal answer and motion for new trial fifty-three days after the default judgment was entered. In its motion, RTA maintained that:

1) The initial response filed by Huang was sufficient to constitute an answer.

2) If the initial response did not constitute an answer, the deficiency was not intentional and not the result of conscious indifference or bad faith.

3) RTA did not receive notice of the default judgment hearing.

4) RTA has a meritorious defense to Cano's claim.

5) RTA first acquired notice of the default judgment 48 days after the judgment was entered.

RTA also requested that the trial court amend the effective date of judgment so that the motion for new trial could be properly considered. The trial court denied the request finding that RTA had received timely notice of the judgment and had the opportunity to respond.

RTA petitioned this court by writ of mandamus to set aside the judgment or alternatively to order the trial court to grant RTA's motion to extend the effective date of the judgment. We refused to set aside the judgment but directed the trial court to vacate its prior finding and enter a new finding that RTA first received notice or knowledge of the judgment on January 6, 1994. *R.T.A. Int'l, Inc. v. Mancias,* No. 13–94–102–CV (Tex.App.—Corpus Christi, June 30, 1994, no writ) (not designated for publication).

Consistent with our opinion in 13–94–102–CV, we now consider RTA's ordinary appeal, which asserts six points of error.

## DEFAULT JUDGMENT

■ By its fifty point of error, RTA contends that the trial court erred in granting a default judgment because RTA filed an answer. Specifically, RTA asserts that the letter sent to the district clerk was sufficient in its content to prevent a default judgment. Cano's response challenges the ability of a corporation to respond to a pleading pro se.

While the rules of civil procedure do not speak directly to the issue of whether a corporation must answer through an attorney, Texas Rule of Civil Procedure 7, allowing parties to appear either in person or by an attorney, has been held to apply only to individuals, and not corporations. *Dell Dev. Corp. v. Best Indus. Uniform Supply Co.,* 743 S.W.2d 302, 303 (Tex.App.—Houston

---

**1.** $99,116.47 in past economic damages; $429,822.92 in future economic damages; $100,000.00 for future mental anguish and distress; $600,000.00 for past mental anguish and emotional distress; and $3,000,000.00 in punitive damages.

[14th Dist.] 1987, writ denied). Two other Texas appellate courts have also held that a corporation must appear in court through an attorney. *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 737 (Tex.App.—Dallas 1993, no writ); *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ).

We, therefore, find that the trial court correctly determined that RTA filed a defective answer. We next consider whether the defective answer merited a default judgment.

■ If a defendant has not filed an answer at any time after he is required to do so, the plaintiff may take a default judgment against him, provided that the return of citation has been on file with the clerk for at least 10 days, excluding the days of filing and judgment. TEX.R.CIV.P. 107, 239. A default judgment may not be granted, however, when the defendant has an answer on file, even if the answer was filed late. TEX. R.CIV.P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex.1989) (per curiam). A signature of either a party or his attorney is only a formal requisite of an answer and the lack thereof does not justify default in a normal case. *Frank v. Corbett*, 682 S.W.2d 587, 588 (Tex.App.—Waco 1984, no writ).

We recently considered this issue in *Handy Andy, Inc. v. Ruiz*, 900 S.W.2d 739, 741 (Tex.App.—Corpus Christi 1994, writ requested) (Hinojosa, F., dissenting). In that case, the trial court rendered default judgment against Handy Andy in a garnishment action where Handy Andy's response was unverified, incomplete, and filed by its non-attorney registered agent. The trial court concluded that Handy Andy had failed to answer and had wholly made default. In reversing the judgment, we reasoned that the deficiencies in Handy Andy's response rendered the document defective as an answer, but not, in the absence of objections or special exceptions, a nullity. *Id.* at 741. We further reasoned that an unverified sworn denial, such as the one filed by Handy Andy's registered agent, can prevent a default judgment even though the defendant was required to file a sworn denial. *Id.* (*citing Stanford v. Lincoln Tank Co.*, 421 S.W.2d 412, 413 (Tex.Civ.App.—Fort Worth 1967, no writ)).

Other courts have held similarly. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992) (a defendant who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56–57 (Tex.App.—San Antonio 1987, no writ) (a letter on file to the trial court constituted an answer because it was a written pleading of some character which was signed by an officer of the corporation, contained the address, and was timely filed; lack of formalities did not render it ineffective; the court also noted the absence of special exceptions by the plaintiff); *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex.App.—San Antonio 1983, no writ) (signed letters to clerk timely acknowledging receipt of citation sufficed as "pro se answer" to prevent default judgment); *Martinec v. Maneri*, 494 S.W.2d 954 (Tex.Civ.App.—San Antonio 1973, no writ) (a "plea in abatement" filed by the defendants which set out reasons why they were "not required to file an answer" constituted an "answer" which prevented a default judgment).

We find that although RTA's 'answer' omits certain formalities required by the rules of procedure, it does not render the answer ineffective so as to entitle the plaintiff to a default judgment. *Santex*, 737 S.W.2d at 57, (*citing Fidelity & Casualty Co. v. Lopatka*, 24 Tex.Civ.App. 536, 60 S.W. 268 (1900, no writ)); *see also Handy Andy*, 900 S.W.2d at 742.

## CONCLUSION

RTA's response was filed timely, signed by an agent of the corporation, listed RTA's address in McAllen, identified the cause number, and responded to Cano's causes of action. As in *Handy Andy*, we conclude that this response constituted an answer sufficient to ward off a default judgment. The trial court's default judgment is thus erroneous. Accordingly, we sustain RTA's fifth point of

error. Since point five is dispositive of the appeal, we do not consider RTA's remaining points of error. TEX.R.APP.P. 90(a).

We REVERSE the judgment of the trial court and REMAND this cause to the trial court for further proceedings consistent with this opinion.