**HOME SAVINGS OF AMERICA FSB aka Savings of America, Appellant,**

v.

**HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT # 70, State of Texas, County of Harris, Crosby Independent School District, Appellees.**

No. 14–95–00587–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 1996.

Rehearing Overruled Sept. 12, 1996.

John D. Herberger, Hans F. Boas, Houston, for appellants.

Owen M. Sonik, Houston, for Crosby Ind. Sch. Dist.

Terry G. Wiseman, Houston, Thomas Hanna, Beaumont, for Harris Cty. Water Control.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

**OPINION**

ANDERSON, Justice.

Appellant, Home Savings of America, appeals a default judgment in favor of appellees, Harris County Water Control and Improvement District # 70, the State of Texas, Harris County, and the Crosby Independent School District. Appellants initiated this action to recover unpaid taxes. Appellants

seek writ of error review, contending the trial court erred by entering a default judgment because: (1) appellants answered plaintiff's original petition; and (2) appellees, the State, county, and school district, failed to serve appellant with process on their motion to intervene. We reverse and remand.

The Harris County Water Control and Improvement District #70 filed this suit against appellants for unpaid ad valorem real property taxes. The remaining appellees subsequently intervened in the suit also to recover delinquent taxes. Appellant failed to timely answer. However, before judgment was rendered, a letter, which appeared to assert that the defendant had no interest in the land allegedly in tax default, was filed with the court.[1] The letter was addressed to the Harris County Water Control and Improvement District, and contained the cause number from the trial court. The letter was sent by the "HSA Servicing Corporation." The text of the letter reads:

Dear Gentlemen,

This is in response to your request of payment on the above referenced properties.

We used the information you provided to conduct a thorough research of our records. Based on our preliminary findings, HSA Servicing Corporation has no interest or lien on the above referenced parcel numbers. Therefore, we are returning the notification to you in order that you may take any further action necessary.

If you have any additional information that could help our Association to satisfy the tax delinquencies, please provide us with the information as soon as possible.

Should you have any further questions concerning the matter, please contact Ms. Sonja Taylor at [phone number].

Appellants contend that this letter constitutes an answer sufficient to avoid a default judgment.

■ To attack a judgment by writ of error, an appellant must meet the following requirements: (1) be a party to the suit; (2) file a petition within six months after the signing of the judgment; (3) the filing party

must not have participated in the actual trial; and (4) there must be error "apparent from the face of the record." *General Electric Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex.1991); *see also* Tex.R.App. P. 45. In its first point, appellants contend the trial court erred by entering the default judgment because they had an answer on file with the court. Appellant is a party to the suit, timely filed the petition for writ of error review, and did not "participate" in the trial. *See Texaco, Inc. v. Central Power & Light Company*, 925 S.W.2d 586 (Tex.1996) (clarifying the definition of "participate" for purposes of writ of error review). Thus, we must decide whether there is "error on the face of the record."

Texas appellate courts have been reluctant to uphold default judgments where some response is found in the record, even if the response is in the form of a letter. *See e.g. Smith v. Lippmann*, 826 S.W.2d 137 (Tex. 1992); *R.T.A. International Inc. v. Cano*, 915 S.W.2d 149 (Tex.App.—Corpus Christi 1996, writ denied); *Handy Andy v. Ruiz*, 900 S.W.2d 739 (Tex.App.—Corpus Christi, 1994, writ denied); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel Inc.*, 737 S.W.2d 55 (Tex.App.—San Antonio 1987, no writ); *Terehkov v. Cruz*, 648 S.W.2d 441 (Tex.App.— San Antonio 1983, no writ). In *Smith v. Lippmann*, the Texas Supreme Court concluded that "a defendant, who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer and deserves notice of any subsequent proceedings in the case." *Smith*, 826 S.W.2d at 138.

■ Although the letter in the instant case is certainly defective as an answer, it satisfies the minimum threshold necessary to prevent a default judgment. *See R.T.A. International*, 915 S.W.2d at 151. It is well established that we construe pleadings liberally in favor of the pleader if no special exceptions have been filed. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977). Appellant's letter contained the

---

1. It is not clear from the record who filed the     letter.

sender's address, denied liability, and contained the trial court cause number. Although the relation between HSA Serving Corporation and Home Savings of America is unclear, it is apparent from the context of the letter that it was appellant who was denying liability because it was the only defendant in the cause number contained in the letter. Moreover, although the signature of a party or its attorney is a formal requisite of an answer, the absence of a signature by the party or party's attorney does not justify a default judgment. *R.T.A. International,* 915 S.W.2d at 151; *Frank v. Corbett,* 682 S.W.2d 587, 588 (Tex.App.—Waco 1984, no writ); *W.C. Turnbow Petroleum Corporation v. Fulton,* 145 Tex. 56, 194 S.W.2d 256, 257 (Tex.1946).

■ Appellees argue that the letter does not constitute an answer not only because of the form, but also, because it is an appearance by a corporation, and not the work of an attorney. This court has held that because Rule 7, of the Texas Rules of Civil Procedure, applies only to individuals, a corporate entity may only appear in court though an attorney. *Dell Development Corp. v. Best Industrial Uniform Supply Co., Inc.,* 743 S.W.2d 302, 303 (Tex.App.—Houston [14th Dist.] 1987, writ denied). As we stated in *Dell,* "where a corporation chooses to represent itself through a non-attorney officer, it does so at its own risk; to do so may be viewed as negligence." *Id.* However, the failure of appellant to file an answer through an attorney does not prevent the response from precluding a default judgment. *See also R.T.A. International,* 915 S.W.2d at 151 (holding that where answer omits certain formalities required by the rules of procedure, it does not render the answer ineffective so as to entitle the plaintiff to a default judgment). Appellant's first point of error is sustained. Because of our disposition of this point, it is unnecessary to consider appellant's second point. TEX.R.APP. P. 90(a).

The judgment of the trial court is reversed, and the case remanded for trial.