Robert HOCK, Appellant,

v.

Gerlinde SALAICES, Appellee.

No. 04-98-00258-CV.

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1998.

Robert P. Braubach, San Antonio, for Appellant.

Norman C. Dean, Norman C. Dean, P.C., New Braunfels, for Appellee.

Before PHIL HARDBERGER, Chief Justice, and TOM RICKHOFF, Justice and KAREN ANGELINI, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Appellant Robert Hock ("Hock") appeals the granting of a summary judgment in a suit to partition real property. In four points of error, Hock complains that the trial court erred in granting the summary judgment and refusing to grant his motion for new trial because he did not have adequate notice of the hearing on the motion for summary judgment or an adequate opportunity to respond, and that appellee Gerlinde Salaices ("Salaices") did not present sufficient evidence to entitle her to summary judgment. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Hock is a resident of Germany and, at one time, was engaged to Salaices when they both lived in Germany. A piece of property in Guadalupe County was purchased by Salaices and, arguably, Hock in 1994. On August 5, 1997, Salaices, who was then living in Guadalupe County, sought a partition granting her title to the entire tract of property, despite the fact that Hock's name appeared on the title. Service was effected upon Hock in Germany, and a German attorney sent a confusing reply letter to the court, partially in German. Salaices then moved for summary judgment and to disqualify Hock's German attorney. Salaices sent a copy of the motions to Hock's German attorney, who did not respond. A hearing was held without Hock or any attorney representing him. The court and the attorney for the movant were unable to understand what the German attorney had sent, or what it meant. In pertinent part, the discussion was as follows:

THE COURT: The answer that he filed, he didn't file anything other than that letter?

MR. DEAN (Counsel for Salaices): That is correct.

THE COURT: I can't read the German. I don't know what it says.

MR. DEAN: I tried to have that translated. It is some sort of attorney or something, as I understand. I don't know what to tell you I know what it is, Judge.

THE COURT: But there has been no general denial?

MR. DEAN: No general denial; no, nothing.

THE COURT: The Court is going to grant the motion for summary judgment and disqualify the attorney because he is not allowed to practice law in the State of Texas. I am taking that on your word.

After the entry of the summary judgment, Hock moved for a new trial, which the trial judge denied. At that hearing, the trial judge again remarked about the letter, "I don't know what the pleading says and I will be the first to admit that I don't know what this German . . . If it is a general denial; if it is a responsive pleading; if it is a counterclaim. I don't know what it is." In denying the motion for new trial, the trial judge further stated, "I am going to deny the motion for new trial. The Defendant had some obligation to this court to respond in some form or fashion or at least get into court."

Without an understanding of what the letter was or purported to be, the court was unable to find, and did not find, that it was an answer or general denial. An answer is an essential prerequisite to seeking summary judgment. *See* TEX.R. CIV. P. 166a(a) (providing that claimant may move for summary judgment at any time after adverse party has appeared or answered). Since a summary judgment ends the litigation, we strictly construe a party's entitlement to summary judgment in both procedural and substantive matters. *Guinn v. Zarsky*, 893 S.W.2d 13, 17 (Tex.App.—Corpus Christi 1994, no writ). A summary judgment cannot be granted before the nonmovant answers or appears in the case. TEX.R. CIV. P. 166a(a).

The concurrence in this case makes a strong point. Citing default judgment cases, the point is made that very little indeed has been construed to be an answer to defeat a default judgment. We concede this. The concurrence then says that an answer for one purpose is an answer for all purposes. This position sounds correct and appears to have the advantage of consistency.

The default judgment cases cited by the concurrence in support this position are *Smith v. Lippmann,* 826 S.W.2d 137 (Tex. 1992) and *Home Sav. of Am. v. Harris County Water Control and Improvement Dist.,* 928 S.W.2d 217 (Tex.App.—Houston [14th Dist.] 1996, no writ). But we are not dealing here with a default judgment. It is a basic tenet of jurisprudence that the law abhors a default. *See Santex Roofing & Sheet Metal v. Venture Steel, Inc.,* 737 S.W.2d 55, 56–57 (Tex.App.—San Antonio 1987, no writ) (noting reluctance to enter default judgment where some response is found); *United Nat'l Bank v. Travel Music of San Antonio, Inc.,* 737 S.W.2d 30, 32 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) (requiring strict compliance with procedural rules, instead of invoking traditional presumptions, when reviewing default judgment). Equity is rarely served by a default. *See Santex,* 737 S.W.2d at 56–57. Traditionally any sort of appearance will defeat a default. Indeed, the courts have gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them. *See, e.g., R.T.A. Int'l v. Cano,* 915 S.W.2d 149, 150–51 (Tex.App.—Corpus Christi 1996, writ denied) (corporate representative's response letter to petition sufficient to defeat default judgment); *Bennett v. Bennett,* 868 S.W.2d 408, 409 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that defective answer prevents default judgment); *Santex Roofing & Sheet Metal,* 737 S.W.2d at 56–57 (finding that letter from defendant/corporation's officer constituted "written pleading of some character" to prevent default judgment). *But see United Nat'l Bank,* 737 S.W.2d at 33 (holding that letter from corporate representative did not constitute answer or appearance for default judgment purposes); *Investors Diversified Servs. v. Bruner,* 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.) (declining to find corporate attorney's letter to opposing counsel, along with letter to court requesting first letter to be filed with court in the cause, to be answer in gar-

nishment proceeding). This is proper because of the unfair outcome that can result from a default. However, to use these tortured constructions of an "answer" for the purposes of moving forward to granting a summary judgment is inconsistent with the goals of summary judgment practice and the role summary judgments play in the orderly administration of justice.

 Default judgments and summary judgments serve important functions in our judicial system because they both provide a mechanism for an early disposition of pending cases. However, they are different procedures and effectuate different goals, and we should use caution when comparing the two. Default judgments are designed to promote efficiency in disposing of cases where the defendant shows no interest in the adjudication of the cause, either by failing to answer a lawsuit or appear for trial on the merits in the cause. On the other hand, the purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses after both parties have had an opportunity to be heard. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952); *Mackey v. U.P. Enterprises, Inc.,* 935 S.W.2d 446, 451–52 (Tex.App.—Tyler 1996, no writ); Timothy Patton, Summary Judgments in Texas § 1.02 (2d ed.1996). The purpose of allowing summary judgment is to "provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *Mackey,* 935 S.W.2d at 452.

It makes sense that to grant a default judgment against a defendant where the defendant has attempted to acknowledge or dispute a pending lawsuit is inconsistent with the judicial goals default judgment seeks to further. The furtherance of these goals justifies Texas courts' interpreting any kind of written response in such a way to elevate it to the level of an answer.

Our rules of procedure and well-settled case law establish the requirements of a legally sufficient answer, and at least one of the necessary elements of an answer does not appear in most, if not all, of the "answers" in the cases cited above and by the

concurrence. For instance, these default judgment cases permit "answers" filed by non-lawyer representatives of corporations,[1] unsigned "answers," [2] unsworn denials where a sworn denial is required,[3] "answers" lacking a certificate of service,[4] "answers" not appropriately captioned,[5] "answers" which were letters merely acknowledging citation but nothing more,[6] answers which were stricken from the record,[7] even a pauper's affidavit [8] and pleas in abatement.[9]

Texas courts are willing to bend over backward to call something that is not an answer an answer to prevent inequity or injustice in the context of a default judgment. *See, e.g., RTA Int'l,* 915 S.W.2d at 151 (holding that "answer's" failure to comply with formalities dictated by rules of procedure rendered document defective, but not void, to sustain default judgment); *Handy Andy, Inc. v. Ruiz,* 900 S.W.2d 739, 741 (Tex.App.—Corpus Christi 1994, writ denied) (finding that deficiencies rendering documents defective as answers did not necessarily make them nullities for default judgment purposes) (citations omitted).

■ In the instant case, however, it would work an injustice upon the defendant to consider the letter from the German attorney an answer for the purposes of summary judgment. The concurrence posits that an answer for one purpose is an answer for all purposes. On first blush the cases cited by the concurrence and cited above seem to broadly construe what constitutes a legally sufficient answer, but a more careful reading of the cases reveals that the liberal construc-

tion of "answers" is limited to default judgment situations. This is so because default judgment is such a harsh remedy. To adopt the concurrence's position would put us in the *inconsistent* position of saying that we are required to liberally construe an "answer" to prevent an inequity for purposes of default judgment, but we also must use that liberal construction to perpetuate, not remedy, an inequity on summary judgment. By requiring us to find that the letter from the German attorney is an answer, we would be constrained to liberally construe the rules to reach an inequitable, and equally harsh, result: end of litigation without an adjudication of the merits. This result is inconsistent with the spirit of the rules of procedure, whose objective is to liberally construe the rules to obtain an just, fair and equitable adjudication of the rights of litigants. Tex.R. Civ. Proc. 1.

■ In the instant case, it is clear that the trial court did not consider a letter from a German lawyer an answer. As the trial judge said, "I don't know what it is" and "[t]he Defendant has some obligation to . . . at least get in to court." Whether words on paper can be considered an answer, is, by necessity, fact specific. How the trial court treats the words is within the abuse of discretion standard. Had the trial court at that time granted a default judgment, would that have been an abuse of discretion? Probably so, based on cases such as *Smith,* 826 S.W.2d at 138; *Home Sav. of Am.,* 928 S.W.2d at 218; and *Santex Roofing & Sheet Metal,* 737 S.W.2d at 56–57.

**1.** *Home Sav. of Am.,* 928 S.W.2d at 218; *R.T.A. Int'l,* 915 S.W.2d at 150; *Santex Roofing & Sheet Metal,* 737 S.W.2d at 56–57. *But see United Nat'l Bank,* 737 S.W.2d at 33 (holding that letter from corporate representative did not constitute answer or appearance for default judgment purposes, but finding that defective service nonetheless prevented entry of default judgment).

**2.** *Home Sav. of Am.,* 928 S.W.2d at 218; *Handy Andy, Inc. v. Ruiz,* 900 S.W.2d 739, 741 (Tex. App.—Corpus Christi 1994, writ denied); *Frank v. Corbett,* 682 S.W.2d 587, 588 (Tex.App.—Waco 1994, no writ).

**3.** *Stanford v. Lincoln Tank Co.,* 421 S.W.2d 412, 413 (Tex.Civ.App.—Fort Worth 1967, no writ)

**4.** *Bennett,* 868 S.W.2d at 409.

**5.** *Handy Andy,* 900 S.W.2d at 741.

**6.** *Smith,* 826 S.W.2d at 138.

**7.** *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 296 (Tex.1953), overruled on other grounds by *Jackson v. Hernandez,* 155 Tex. 249, 285 S.W.2d 184 (Tex.1955).

**8.** *Hughes v. Habitat,* 860 S.W.2d 872, 873 (Tex. 1993).

**9.** *Schulz v. Schulz,* 726 S.W.2d 256, 258 (Tex. App.—Austin 1987, no writ); *Martinec v. Maneri,* 494 S.W.2d 954, 955–56 (Tex.App.—San Antonio 1973, no writ).

But that is not what happened. What actually happened was that the trial court did not find that the letter was an answer, yet still proceeded with the summary judgment hearing. We do not think default judgment cases control because this is not a default judgment case. This is a summary judgment case, and the court could not proceed with a summary judgment hearing with no answer filed. To construe the letter filed with the trial court to be an answer, when the trial court itself did not, but nonetheless granted a summary judgment when only one party was present, is an injustice that we cannot approve.

## CONCLUSION

■ We recognize that the concurrence, as well as the majority, concludes that an inequitable result would occur under these facts if Hock did not get an opportunity to defend himself. We agree with the concurrence that the summary judgment could not stand, even if a proper, timely answer had been filed. The supporting affidavit contains conclusions, not facts.

Our differences are that we do not believe the summary judgment should have been heard because there was no answer. Should we be wrong and the concurrence be correct in that the German lawyer's letter is an answer, then summary judgment still should not have been granted.

We reverse the summary judgment and remand for a trial on the merits.

Concurring opinion by KAREN ANGELINI, Justice.

ANGELINI, Justice, concurring.

While I agree that the summary judgment in this case requires reversal, I write separately to express my disagreement with the reasoning behind the majority's decision. It is undisputed that a German attorney, on Hock's behalf, responded via letter to Salaices's petition. Because I believe this response constitutes an appearance, I cannot agree with the majority's decision to reverse the summary judgment based on the fact that it was granted prior to an answer or appearance.

As the majority notes, Rule 166a(a) of the Texas Rules of Civil Procedure indicates that a claimant may not move for summary judgment before the defendant has appeared or answered. However, historically, answers and appearances have been defined quite loosely. For example, letters identifying the parties, the case, and the defendant's current address, have consistently been deemed sufficient to prevent a no-answer default judgment. *See Smith v. Lippmann,* 826 S.W.2d 137, 138 (Tex.1992); *Home Sav. Of America v. Harris Co. Water Control and Improvement Dist.,* 928 S.W.2d 217, 218 (Tex.App.—Houston [14 th Dist.] 1996, no writ). While such letters are defective answers, they are answers nonetheless. *See id.*

Mr. Faust, the German attorney who responded on behalf of Hock, sent a letter to the District Clerk of Guadalupe County which, in no uncertain terms, denied the allegations contained in Salaices's petition. The letter provides, in pertinent part, as follows:

Gerlinde Salaices vs. Robert J. Hock

Cause No. 97–1025–cv

Dear Sirs,

[I]n order of our client, Mr. Robert J. Hock, home address: Birkenstrasse 12, 63762 Gobostheim / Germany, let we know, that he does not agree with the Plaintiff's Original Petition, dated August 4 th, 1997.

Although the letter is not grammatically correct, it identifies the parties, the case, and the defendant's current address. Courts have treated letters much less substantive than this as answers. *See, e.g., Home Sav. of America,* 928 S.W.2d at 219 (finding appearance where unsigned letter contained sender's address, denied liability, and contained the trial court cause number); *Terehkov v. Cruz,* 648 S.W.2d 441, 442 (Tex.App.—San Antonio 1983, no writ) (holding letter to clerk acknowledging receipt of citation sufficient appearance to prevent default judgment).

Clearly, the law would have required the letter at issue to be considered an answer if Salaices had moved for default judgment. *See Smith,* 826 S.W.2d at 138; *Home Sav. of America,* 928 S.W.2d at 219; *R.T.A. International, Inc. v. Cano,* 915 S.W.2d 149, 151

(Tex.App.—Corpus Christi 1996, writ denied). If such a letter is a sufficient answer for default judgment purposes, it should also constitute an answer for the purpose of allowing Salaices to file a motion for summary judgment. In other words, if a document constitutes an answer for any purpose, it should constitute an answer for all purposes. To hold otherwise, with no supporting authority, serves only to confuse and frustrate litigants and the procedural process as a whole. Furthermore, we are bound, in any circumstance, to construe pleadings liberally in favor of the pleader. *Home Sav. of America,* 928 S.W.2d at 218 (citing *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex.1977)). Accordingly, I find no justification for holding that Mr. Faust's letter was not an appearance or answer as contemplated by Rule 166a(a).

Because I believe there was an appearance in this case, I do not believe that the summary judgment can be reversed on the grounds put forth by the majority. However, I would nevertheless conclude that the summary judgment in this case can not stand. Conclusions in affidavits are not competent summary judgment proof and should be disregarded. *Harley–Davidson Motor Co., Inc. v. Young,* 720 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1986, no writ). They are inadmissible because they do not inform the fact finder of the underlying facts. *Johnson v. Bethesda Lutheran Homes and Services,* 935 S.W.2d 235, 239 (Tex App.— Houston [1st Dist.] 1996, writ denied)(Hedges, J., concurring). Rather, such opinions "amount to little more than the witness choosing sides on the case outcome." *Id.*

The affidavit Salaices attached in support of her motion for summary judgment offers just such conclusions. Salaices states that "one hundred percent" of the consideration given for the real property in question "was mine" and that the real estate is "one hundred percent mine." However, Salaices offers no evidence or proof of the transaction in support of these self-serving conclusions. Accordingly, her statements are not competent to establish these facts as a matter of law. *See Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972) (deem-

ing statement that purchase was made with "valuable consideration" conclusory absent evidence of consideration); *University of Texas System v. Ainsa,* 823 S.W.2d 692, 695 (Tex.App.—El Paso 1992, no writ) (holding list of expenses with no proof was conclusory); *Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102, 108 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (finding statement that guaranty of note was a "mere formality" was conclusory).

Because Salaices's statements do not constitute competent summary judgment evidence, she has failed to satisfy her burden of proving that there is no issue of material fact and that she is entitled to judgment in her favor as a matter of law. For this reason, I would reverse the summary judgment and remand the case to the trial court for further proceedings.