

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00143-CV

CHRISTOPHER BIVENS, SR.                                    APPELLANT

V.

FIRST UNITED BANK & TRUST                                  APPELLEE
COMPANY

----------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 2014-006438-3

----------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Bivens Sr., pro se, appeals from the default judgment rendered against him. Appellee First United Bank & Trust Company sued Bivens for breach of contract based on his nonpayment of credit card debt.

---

[1]*See* Tex. R. App. P. 47.4.

Bivens, who was also pro se in the trial court, filed a motion for extension of time to file an answer and to find an attorney. Bivens was served on January 20, 2015, and filed his motion on February 9, 2015. The motion correctly identified the style and cause number of the case and was addressed to "the court that has jurisdiction of the above listed cause."

First Bank objected that the rules of civil procedure give a defendant twenty days plus the next Monday following service to file an answer, which would give Bivens "ample time to obtain legal counsel and respond to the lawsuit." The trial court agreed and denied Bivens's motion in an order stating that Bivens "has had ample time to answer" and that to extend the amount of time for answering would cause an unreasonable delay. A week later, First Bank filed a motion for default judgment, which the trial court granted. Bivens now appeals.

In his brief, Bivens argues that he had filed for bankruptcy in March of 2010, that the bankruptcy trustee had made monthly payments to First Bank, and that First Bank's suit against him violated the automatic stay.[2] However, even if Bivens is correct, nothing in the record shows that Bivens was under bankruptcy protection at the time First Bank filed suit or at any time since then. He did not bring this complaint to the attention of the trial court.[3] He did not file a motion for

---

[2]*See* 11 U.S.C.A. § 362 (West 2015).

[3]*See* Tex. R. App. P. 33.1; Tex. R. Civ. P. 324(b)(1).

new trial or any other post-judgment motion in an attempt to present evidence of his bankruptcy to the trial court.[4]

We may not consider matters outside of the record except to determine our own jurisdiction,[5] and Bivens did not provide any factual support for his assertion that he was under bankruptcy protection. Bivens's arguments rely solely on Bank's collections activity while Bivens was allegedly under bankruptcy protection. There is simply nothing before us that shows that a bankruptcy stay was in place that First Bank's suit would have violated. We must therefore overrule his arguments.

Even if we construe Bivens's motion requesting more time to find an attorney and file an answer as an answer for purposes of default judgment,[6] our

---

[4]*See* Tex. R. Civ. P. 320 (providing that a trial court may grant a new trial), 329b(f) (providing that a judgment may be set aside for good cause by bill of review).

[5]*See* Tex. Gov't Code Ann. § 22.220(c) (West Supp. 2015) (providing that appellate courts may consider matters outside of the record in determining their own jurisdiction); Tex. R. App. P. 38.1(i) (requiring appellants to include in their briefs appropriate citations to the appellate record); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.) (stating that appellate courts may not consider documents that are not part of the record).

[6]*See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992) (stating that pro se defendant's letter was not in the standard form of an answer but "nevertheless gave the court a timely response acknowledging receipt and acceptance of [plaintiff's] citation and petition"); *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998, no pet.) ("[C]ourts have gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit").

disposition of the case is the same. Bivens does not complain that he did not receive notice of the default judgment hearing or that First Bank did not prove its entitlement to a postanswer default judgment. He argues only that the case should have been stayed due to his bankruptcy.[7] Nor did he make any argument about notice in a postjudgment motion in the trial court.

In a reply brief, Bivens additionally argues that First Bank representatives had called him for collection purposes while the automatic stay was in effect. To support this contention, he attached a sworn statement to his reply brief in which he stated that during 2010 and 2011, while he was in bankruptcy, First Bank employees frequently called him to collect on his debt.

Bivens did not sue First Bank for making collection efforts in violation of the automatic stay, and the issue in this appeal is not whether First Bank called him to collect on the debt while the automatic stay was in effect. Whether First Bank made collection calls to Bivens at some point while the automatic stay was in effect is a separate issue from Bivens's complaint on appeal that *this suit* was

---

[7]*See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 395 (Tex. 1993) (holding that the petitioners had not provided a basis for reversing the trial court's judgment when they failed to complain prior to their amended application for writ of error that the rendition of a postanswer default judgment without notice denied them due process); *In Interest of J.T.*, No. 02-14-00378-CV, 2015 WL 2345511, at *1 (Tex. App.—Fort Worth May 14, 2015, no pet.) (mem. op.) ("An appellate court cannot reverse based on a complaint not raised in the trial court, nor can it reverse on 'unassigned error,' that is, a ground not presented in the appellate briefs." (citations omitted)).

4

filed while the automatic stay applied.[8] Nothing in the record supports Bivens's argument.

Having overruled Bivens's only arguments on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DELIVERED:  July 28, 2016

---

[8]According to federal Public Access to Court Electronic Records (PACER) system, Bivens's bankruptcy case was closed years before this suit was filed. That information was not included in the record in this appeal, and we do not base our holding on the PACER information. Rather, we base our holding on the absence of evidence in the record to support Bivens's complaint or to indicate that he preserved it.

5