No. 04-98-00339-CV



Jeff JONAS & All Occupants,


Appellants



v.



Francis GUERRA, Manager, Paisano Apartments


Appellee



From the County Court, Karnes County, Texas


Trial Court No. 2635-97


Honorable Alfred Pawelek, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: October 30, 1998


REVERSED AND REMANDED


 Francis Guerra, the manager of an apartment complex, instituted this forcible entry and
detainer action in the justice court against Jeff Jonas and all occupants of one of the apartments.
After an adverse result in the justice court, Jonas appealed to the county court, which rendered a
default judgment against him. Jonas argues that the county court erred by rendering the default
judgment because an answer was filed before the judgment was rendered and because he was not
notified of the requirement of filing an answer. We agree with these contentions. We therefore
reverse and remand.

Discussion


 After the justice court has made a decision in a forcible entry and detainer action, a party may
obtain a trial de novo in the county court by filing either a bond or an affidavit of inability to pay the
costs of appeal. See Tex. R. Civ. P. 749, 749a, 751. When an appeal has been perfected, the justice
court must transfer the transcript of the case to the county court clerk. See Tex. R. Civ. P. 751. The
clerk must then inform the parties of the date of receipt of the transcript and the docket number of
the case. See id. Additionally, the clerk "shall advise the defendant of the necessity for filing a
written answer in the county court when the defendant has pleaded orally in the justice court." Id.
If the defendant made no written answer in the justice court and fails to file a written answer in the
county court within eight full days after the transcript is filed in the county court, the allegations of
the complaint may be taken as admitted and judgment by default may be entered. See Tex. R. Civ.
P. 753.

 In this case, it is undisputed that Jonas appeared pro se and pleaded orally in the justice court.
He perfected his appeal to the county court by filing an affidavit of inability to pay the costs of
appeal. On November 25, 1997, the county clerk sent Jonas a letter informing him that the transcript
from the justice court had been filed in the county court on that date and that the county judge had
set a hearing for December 5, 1997. The letter did not inform Jonas that a default judgment could
be rendered against him unless he filed an answer within eight days of the date the transcript was
filed, i.e., by December 3, 1997. Jonas failed to file an answer by December 3. However, on the day
set for the hearing, he appeared with counsel and filed a motion for leave to file an answer. Attached
to the motion was an answer drafted by counsel. The county court denied the motion for leave to
file the answer, determined that no written answer had been filed, and rendered judgment in favor
of Guerra.

 The supreme court has held that a pauper's affidavit used to perfect an appeal in a forcible
entry and detainer action suffices as a pro se answer, entitling the defendant to notice of a hearing
on a motion for default judgment. See Hughes v. Habitat Apartments, 860 S.W.2d 872 (Tex. 1993).

Treating the affidavit of inability as an answer is particularly appropriate under the facts of this case.
Rule 751 expressly provides that the clerk "shall advise the defendant of the necessity for filing a
written answer in the county court when the defendant has pleaded orally in the justice court"
(emphasis added). Despite this unmistakably mandatory language, the notice sent to Jonas did not
explain that he was required to file an answer in the county court.

 Guerra argues that this case is moot. She asserts that Jonas agreed to abandon his appeal to
this court in exchange for her allowing him to remain in the apartment until the first week of January
1998. There is nothing in the record to support this assertion, and Jonas disputes it. See Kennedy
v. Hyde, 682 S.W.2d 525 (Tex. 1984) (holding that once the existence of an oral settlement
agreement is disputed, it becomes unenforceable). She also maintains that the case has been
rendered moot by Jonas's voluntary relinquishment of possession of the apartment. Possession,
however, is not the only issue in a forcible entry and detainer case. See Tex. R. Civ. P. 752
(prevailing party in county court entitled to recover damages, attorney fees, and court costs). The
default judgment requires Jonas to pay $33 in damages. We reject Guerra's argument that the case
is moot.




Conclusion


 For the reasons stated herein, the judgment is reversed and the cause is remanded to the
county court for further proceedings.

 Tom Rickhoff, Justice

DO NOT PUBLISH



Return to
4th Court of Appeals Opinions