C. David GUINN, Appellant,

v.

Clifford ZARSKY, Appellee.

No. 13–93–373–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1994.

Bill Palmer, Boerne, for appellant.

Clifford L. Zarsky, David V. Herin, Corpus Christi, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is a suit on a promissory note. Clifford Zarsky sued C. David Guinn, Lynn A. Noack,[1] and others to collect the amount which they allegedly owed to him on a promissory note. The trial court granted Zarsky's motion for partial summary judgment against Guinn for $183,885 principal and prejudgment interest, plus $17,449.24 attorneys fees. By two points of error, Guinn complains that he did not receive notice of the summary judgment hearing, and he argues that the evidence did not show that Zarsky was the owner and holder of the note. We reverse and remand.

Since we will dispose of this appeal on the ground that Guinn did not receive notice of the summary judgment hearing, only a brief recitation of the allegations and summary judgment evidence is necessary. Zarsky alleged that on February 15, 1989, he and Prudential Home Corporation entered into a written contract in which he had committed to loan Prudential $150,000 in return for the following consideration: (1) Prudential's promise to issue him 12,000 shares of its stock simultaneous to his funding of the loan; (2) the promise of defendants jointly and individually to repay the loan on the date one year following the execution of a promissory note showing the $150,000 principal indebtedness; and (3) Prudential's promise to buy from Zarsky on the repayment date 8,000 shares of its stock at $2.75 per share.

On February 15, 1989, Zarsky advanced the $150,000 to defendants each of whom executed the promissory note. Prudential issued Zarsky 12,000 shares of its stock. Despite Zarsky's full performance, defendants have not repaid him the $150,000 and have defaulted on the promissory note. He requested, in relevant part, judgment against defendants, jointly and severally, for the $150,000 principal amount of the promissory note, 15% interest on that amount beginning February 15, 1990, exemplary damages, and attorneys fees.

Guinn answered the suit, raising several defenses to Zarsky's cause of action.

Zarsky moved for a partial summary judgment against Guinn on that part of his suit seeking repayment of the promissory note. He asserted that as of August 1, 1991, the unpaid principal and accrued interest (15% beginning February 20, 1990) totaled $183,-885. He also sought $17,449.24 attorneys fees.

Guinn did not file a response to the motion for partial summary judgment.

The summary judgment evidence included Zarsky's affidavit and Guinn's answers to Zarsky's requests for admission. Guinn's an-

---

1. Guinn and Noack had filed a joint appellate brief in this case. However, on July 7, 1994, this court delivered a *per curiam* order in which we stated that Noack had filed bankruptcy under Chapter 7 of the Bankruptcy Code on June 17, 1994. We abated the appeal of Noack's individual claims until further notice from the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. We did not abate Guinn's appeal.

swers to the requests for admission showed that: (1) he had signed the promissory note; (2) he had made no payments to Zarsky in connection with the note; and (3) on February 20, 1989, he had owned common stock in Prudential.

Zarsky stated in his affidavit that Guinn had promised to pay him $150,000 on February 20, 1990, the date when the promissory note was due and payable. Despite his demand for payment, Guinn has not paid him anything, and no other person or entity has paid him anything. On August 1, 1991, $183,885 principal and interest was due and payable. On March 20, 1991, attorneys fees totaled $17,449.24.

On January 21, 1992, the trial court granted Zarsky's motion for partial summary judgment against Guinn. The court ordered that Zarsky recover $183,885 principal and prejudgment interest, plus $17,449.24 attorney's fees.

On February 12, 1992, Guinn filed a motion for new trial. He asserted that on December 27, 1991, he was served, through counsel, with Zarsky's motion for partial summary judgment. The motion did not include any notice to him of the trial setting for the summary judgment hearing. Guinn's attorney, Bill Palmer, filed an affidavit to support the motion for new trial. In his affidavit, he stated, in relevant part:

  ＊  ＊  ＊  ＊  ＊  ＊

3. I received Plaintiff's Motion for Partial Summary Judgment on December 27, 1991. There was no notice of hearing attached to said Motion for Partial Summary Judgment setting the summary judgment for trial.

4. As of the date of this affidavit I have received no notice from opposing counsel that the summary judgment has been entered. Instead, I have received notification from Troy Williamson, attorney for Norma Traylor, Defendant, that on or about January 23, 1992, Plaintiff secured a summary judgment against Defendants Guinn and Noack.

5. The non-appearance at the summary judgment trial and no response to the summary judgment being filed was not intentional or a result of any conscious indifference on my part, but was due to the fact of not receiving any notice of the summary judgment trial.

On March 27, 1992, the trial court held a hearing on Guinn's motion for new trial. Guinn's attorney, Bill Palmer, and Zarsky's attorney, William Cockrell, testified at the hearing.

Palmer testified that a summary judgment was taken against Guinn on January 21, 1992. He did not receive any notice of the summary judgment hearing, and, therefore, did not attend the hearing on the summary judgment motion. He had received an envelope which had contained three motions for summary judgment. However, the motions did not include any notices of setting relating to the January 21st hearing. The trial court admitted the envelope into evidence.

On cross-examination, he testified that he thought that he had received the envelope on December 27th. He stated that he had prepared a response to the summary judgment motion. He had not filed it because Cockrell had obtained a judgment against him (*i.e.*, his client, Guinn). He made no inquiry to the court, attorney Cockrell, or any other attorney to determine whether the court had set the case for a hearing.

Zarsky's counsel testified as follows:

I personally took great attention in inserting this document, a copy of which is attached to my affidavit, affidavit is entitled attorney notice of hearing. I personally placed it in the envelope because I anticipated just the possibility of some argument about failure to receive some technical part of the pleading. I have a very strong and specific memory of taking particular care in sticking that in, this particular notice of hearing and certificate of service, in the envelope and personally placing the envelope in the mail and receiving a certified receipt.

The trial court denied the motion for new trial.

### Standard Of Review

██ In reviewing a summary judgment record, we must decide whether a disputed

material fact issue exists that would preclude a summary judgment. *Gonzalez v. Mission American Ins. Co.*, 795 S.W.2d 734, 736 (Tex. 1990); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984). When deciding whether a disputed material fact issue exists precluding summary judgment, we take evidence favorable to the non-movant as true. We indulge every reasonable inference in favor of the non-movants and resolve any doubts in their favor. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

■ By point one, Guinn complains of the trial court's refusal to grant him a new trial. He contends that he did not receive notice of the summary judgment hearing and that this violated his Fourteenth Amendment right to due process of law.

Rule 166a(c) provides, in relevant part, that:

Except on leave of court, with notice to opposing counsel, the motion [for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response....

TEX.R.CIV.P. 166a(c).

Rule 21a, which describes the methods of service, provides, in relevant part:

Every notice required by these rules ... and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be ... by certified or registered mail, to the party's last known address.... Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.... Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon by mail ... three days shall be added to the prescribed period.... The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. *A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the notice or instrument was not received....*

TEX.R.CIV.P. 21a (emphasis ours).

■ The Texas Supreme Court stated in *Lewis v. Blake*[2] that a respondent's right under Rule 166a(c) is to have minimum notice of the summary judgment hearing. Rule 21a extends that minimum notice by three days when the motion is served by mail. *Lewis*, 876 S.W.2d at 315. Thus, the court may set a hearing on a motion for summary judgment as early as the 21st day after the motion is served, or the 24th day if the motion is served by mail. *Lewis*, 876 S.W.2d at 316.

In *Cliff v. Huggins*,[3] the Texas Supreme Court stated:

Rule 21a sets up a presumption that when *notice of trial setting* properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. [citation omitted] This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. [citation omitted] The presumption, however, is not "evidence" and it

---

2. 876 S.W.2d 314 (Tex.1994).

3. 724 S.W.2d 778 (Tex.1987).

vanishes when opposing evidence is introduced that the letter was not received. [citation omitted]

*Cliff,* 724 S.W.2d at 780.

In this case, the record does not include a certificate by a party or an attorney of record, the return of an officer, or the affidavit of any person showing service of a notice of the summary judgment hearing date. Attorney William Cockrell's testimony that he had included a notice of hearing and certificate of service in the envelope and placed the envelope in the mail and that he had received a certified receipt is not evidence that Guinn or his counsel received notice of the summary judgment hearing date. We cannot determine whether the notice of summary judgment hearing was on any of these documents.

■ We find that Guinn did not receive minimum notice of the summary judgment hearing. *See* TEX.R.CIV.P. 166a(c); *Lewis,* 876 S.W.2d at 315. Summary judgment is a harsh remedy, and we will strictly construe a party's entitlement to summary judgment in procedural as well as substantive matters. *International Ins. Co. v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex.App.—Fort Worth 1983, no writ). The right to summary judgment exists only in compliance with rule 166a, and the movant must comply with all the requirements of the rule before being entitled to summary judgment.

In *Lopez v. Lopez,*[4] the issue was whether defendant, Guadalupe Lopez, who was not notified of a trial setting and consequently did not appear, had to establish a meritorious defense in order to obtain a new trial. The supreme court stated that the record showed that he had no actual or constructive notice of the trial setting; therefore, the lower courts had erred in requiring him to show that he had a meritorious defense as a condition to granting his motion for new trial. *Lopez,* 757 S.W.2d at 723. The U.S. Supreme Court has held that this requirement, in the absence of notice, violated a party's Fourteenth Amendment due-process rights. *Peralta v. Heights Medical Center,* 485 U.S. 80, 85–7, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988).

4.   757 S.W.2d 721 (Tex.1988).

We hold that the trial court erred in failing to grant Guinn a new trial. Due to our disposition of point one, we need not address Guinn's remaining point. TEX.R.APP.P. 90(a).

The trial court's judgment is REVERSED and the case is REMANDED to the trial court.