NUMBER 13-02-417-CV
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG


 

SILVERIO ZUNIGA AND
REFUGIA V. ZUNIGA,                                         Appellants,

v.

SAN BENITO CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT                          Appellee.



On appeal from the 138th District Court
of Cameron County, Texas.



MEMORANDUM OPINION
Before Justices Rodriguez, Castillo, and Wittig




Memorandum Opinion by Justice Castillo

         Silverio and Refugia Zuniga, appellants and spouses, sued appellee San Benito
Consolidated Independent School District ("SBCISD") to recover damages as
purchasers of property sold at a delinquent tax public auction.


 The SBCISD filed a
motion for summary judgment asserting several grounds.


 The Zunigas did not file
a response to the motion. The trial court granted summary judgment and entered a
final take-nothing judgment against the Zunigas. We reverse and remand. 
I. THE ISSUES PRESENTED
         By three issues, the Zunigas assert: (1) SBCISD did not provide 21 days' notice
of the hearing date set for the motion for summary judgment; (2) SBCISD did not
secure leave of court to allow less than 21 days' notice of the summary judgment
hearing; and (3) the trial court should not have granted the motion for summary
judgment based on the lack of response by the Zunigas. SBCISD counters that the
trial court ruled on the motion for summary judgment well after the submission date,
pointing out that the Zunigas had 41 days in which to file a response on the merits of
the summary-judgment motion before the trial court ruled. 
II. BACKGROUND
         SBCISD filed its motion for summary judgment on March 4, 2002. A fiat 
setting the submission date shows it was mailed by the court to the attorneys of
record on March 15, 2002. The fiat notified the parties that the trial court would
consider the motion for summary judgment on April 8, 2002 and reach a decision
based on the motion, pleadings, and any response, affidavits, or counter-affidavits filed
before that date.  
         On March 26, 2002, the Zunigas filed a motion to reset the April 8, 2002
hearing. They included in their motion the affidavit of their counsel of record attesting
he had received the fiat on March 19, 2002. Therefore, the Zunigas argued, they had
less than 21 days' notice of the hearing. The Zunigas did not obtain a ruling on their
motion. As a consequence, SBCISD claims, the Zunigas did not preserve their notice
objection. 
         By letter dated April 30, 2002, the trial court advised counsel for SBCISD,
"After consideration of your Motion for Summary Judgment filed on behalf of your
client, San Benito C.I.S.D., the pleadings, and lack of response by the Plaintiff, this
Court will grant your Motion." The letter indicates a copy was mailed to the Zunigas'
counsel of record. On May 9, 2002, the Zunigas filed their motion for new trial, again 
asserting untimely notice of the hearing. The trial court denied the motion for new
trial. This appeal ensued. 
III. DISPOSITION
A. Preservation of Error
         Summary judgment is a harsh remedy. Martin v. Martin, Martin & Richards,
Inc., 991 S.W.2d 1, 11 (Tex. App.–Fort Worth 1997), rev'd on other grounds,
989 S.W.2d 357 (Tex. 1998). We strictly construe procedural rules applicable
to summary-judgment proceedings. Guinn v. Zarsky, 893 S.W.2d 13, 17 (Tex.
App.–Corpus Christi 1994, no writ); Wavell v. Caller-Times Pub. Co.,
809 S.W.2d 633, 637 (Tex. App.–Corpus Christi 1991, writ denied). Specifically, the
21-day notice requirement of rule 166a(c) is mandatory and strictly construed against
the movant. Martin, 991 S.W.2d at 13. The purpose of the notice provision is
to prevent the rendition of judgment before the opposing party is given a full
opportunity to respond to the merits of the motion. Id.; Bell v. Showa Denko K.K.,
899 S.W.2d 749, 759 (Tex. App.–Amarillo 1995, writ denied); Stephens v. Turtle
Creek Apts., Ltd., 875 S.W.2d 25, 26 (Tex. App.–Houston [14th Dist.] 1994, no
writ). 
         Nonetheless, lack of 21 days' notice of a summary-judgment hearing is a
nonjurisdictional defect that the nonmovant can waive. Martin, 989 S.W.2d at 359;
May v. Nacogdoches Mem'l Hosp., 61 S.W.3d 623, 626 (Tex. App.–Tyler 2001, no
pet.). No application for a continuance shall be granted except for sufficient cause
supported by affidavit, by consent of the parties, or by operation of law. Tex. R. Civ.
P. 251. If a party receives notice that is untimely but sufficient to enable it to attend
a summary-judgment hearing, the party must file a motion for continuance or raise the
complaint of late notice in writing, supported by affidavit evidence, during the hearing. 
May, 61 S.W.3d at 626; Rios v. Tex. Bank, 948 S.W.2d 30, 33 (Tex. App.–Houston
[14th Dist.] 1997, no writ); see Tex. R. Civ. P. 166a(g) (providing, where affidavit of
party opposing summary judgment establishes that it cannot, for reasons stated,
present by affidavit facts essential to justify its opposition, trial court may refuse
application for judgment, order a continuance, or make such other order as may be
just). A nonmovant who does not move for continuance of the summary-judgment
hearing waives its complaint about insufficient notice. May, 61 S.W.3d at 626; Rios,
948 S.W.2d at 33.  
          Further, parties cannot present oral testimony during a summary-judgment
hearing, so no evidentiary record is created. Jack B. Anglin Co., Inc. v. Tipps,
842 S.W.2d 266, 269 n. 4 (Tex.1992). The summary-judgment rule does not
mandate an oral hearing in all cases. Gordon v. Ward, 822 S.W.2d 90, 92 (Tex.
App.–Houston [1st Dist.] 1991, writ denied). A trial court may rule on a summary-judgment motion without a hearing on the basis of the written motion, response, and
supporting summary-judgment evidence. Martin v. Cohen, 804 S.W.2d 201, 202-03
(Tex. App.–Houston [14th Dist.] 1991, no writ). Nonetheless, rule 251's prerequisites
for seeking a continuance apply to summary-judgment proceedings on submission
without a hearing. Tex. R. Civ. P. 251; Jack B. Anglin Co., 842 S.W.2d at 269 n. 4. 
         Finally, a notice objection must be in writing and pending in front of the trial
court at the summary-judgment hearing. See City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 677 (Tex. 1979) (analyzing objection to summary-judgment
evidence). No written order overruling an objection is necessary to preserve error
if the record indicates the trial court expressly or implicitly ruled on the objection. 
Tex. R. App. P. 33.1(a)(2)(A); Columbia Rio Grande Reg'l Hosp. v. Stover,
17 S.W.3d 387, 396 (Tex. App.–Corpus Christi 2000, no pet.). 
B. Notice
         Except on leave of court with notice to opposing counsel, a motion for summary
judgment and any supporting affidavits shall be filed and served at least 21days before
the time specified for hearing. Tex. R. Civ. P. 166a(c). Service by mail is complete
on mailing. Tex. R. Civ. P. 21a. When notice is by mail, rule 21a requires three
days to be added to the prescribed period. Id. Accordingly, notice of a summary-judgment hearing must be mailed at least 24 days in advance. Lewis v. Blake,
876 S.W.2d 314, 315 (Tex. 1994). In computing the notice period, the day of service
is not included. Tex. R. Civ. P. 4. The day of hearing is. Id. The hearing date
determines the time for response to the motion. Tex. R. Civ. P. 166a(c). Without
timely notice of hearing, the respondent cannot know when the response is due. 
Martin, 989 S.W.2d at 359. Nor does the respondent have the statutorily mandated
time to respond. Id. 
         The right to summary judgment exists only in compliance with rule 166a. 
Guinn, 893 S.W.2d at 17. The movant must comply with all the requirements of
rule 166a before being entitled to summary judgment. Id. The reason for applying 
a strict standard is that a summary proceeding is "not a conventional trial, but an
exception to the usual and traditional formal procedure whereby witnesses are heard
in open court and documentary proof is offered and received into evidence." Garcia
v. John Hancock Variable Life Ins. Co., 859 S.W.2d 427, 435 (Tex. App.–San
Antonio 1993, writ denied). 
C. Analysis
1. Preservation of Error
         It is undisputed that the trial court did not expressly rule on the Zunigas' verified
motion for continuance. In the context of the Zunigas' preservation of error, the
question is whether the trial court implicitly granted or denied the motion for
continuance. See Tex. R. App. P. 33.1(a)(2)(A). A trial court does not implicitly
sustain, by granting a summary-judgment motion, a summary-judgment movant's
objections where there is no ruling or order on the objections. Jones v. Ray Ins.
Agency, 59 S.W.3d 739, 752 (Tex. App.–Corpus Christi 2001), pet. denied,
92 S.W.3d 530 (Tex. 2002). In the context of a party's objection to summary-judgment evidence, for there to be an implicit ruling on the objection, some indication
must appear in the record or in the summary judgment itself, other than the mere
granting of the summary judgment, that the trial court ruled on the objection. 
Id. at 753; see Tex. R. App. P. 33.1(a)(2)(A). 
         We note that the trial court here did not rule on the motion for summary
judgment on the noticed April 8, 2002 submission date. Had the trial court granted
the Zunigas' motion for continuance, rule 166a(c) would have required the trial court
to set a new submission date and provide timely notice. However, if the trial court set
a new submission date, the record does not reflect that notice was provided to either
party. Nothing in rule 166a sets a time limit for rendering a summary judgment. We
conclude that the trial court kept the motion under advisement from April 8, 2002 until
its ruling. Thus, the record does not support any conclusion that the trial court set
a new submission date, provided notice to the parties, and only granted the summary
judgment on the new date. We conclude that the trial court implicitly denied the
Zunigas' motion for continuance when it ruled on the motion for summary judgment. 
See Tex. R. App. P. 33.1(a)(2)(A). Accordingly, we find that the Zunigas did not waive
their notice complaint by not pursuing an express ruling. See id. 
2. Notice
         The trial court mailed notice of the April 8, 2002 summary-judgment submission
date on March 15, 2002. Service of the notice was complete on the date of mailing. 
Tex. R. Civ. P. 21a. Excluding the date of mailing and including the date of the
hearing, the notice provided exactly 24 days' notice from service to date of
submission. See id. Rule 166a(c), when read in conjunction with rule 21a, entitled
the Zunigas to 24 days' notice of the submission date. Lewis, 876 S.W.2d at 315. 
The Zunigas suggest that the 24-day computation should begin on the day following
their counsel's receipt of the notice, not on the date of mailing. We disagree. The
delay inherent in mailing is factored into the additional 3 days' notice when notice is
by mail. However, rule 21a permits a party to rebut any presumption the notice was
received within 3 days. See Tex. R. Civ. P. 21a ("Nothing herein shall preclude any
party from offering proof that the notice or instrument was not received, or, if service
was by mail, that it was not received within three days. . . ."). We conclude, on
proper showing of late receipt, that a 21-day notice calculation, not a 24-day
calculation, begins on the day following the actual receipt. 
         The only evidence in the record of the Zunigas' receipt of the notice is their
counsel's affidavit. The affidavit states that the Zunigas' counsel received the notice
on March 19, 2002. We find that the Zunigas conclusively established they did not
receive notice of the summary-judgment hearing until March 19, 2002. Excluding the
date of mailing of March 15, 2002 and including the date of receipt, we find that the
Zunigas proved they received the notice four days after it was mailed, not three days
as provided by rule 21a. Therefore, excluding the date of receipt and including the
date of the hearing, the notice provided only 20 days' notice from receipt to date of
submission on April 8, 2002. 
         We strictly construe the notice requirements of rule 166a. Guinn, 893 S.W.2d
at 17. We hold that the Zunigas did not receive the required minimum notice of the
summary-judgment submission date. We sustain the Zunigas' first and second issues. 
Because our decision is dispositive, we do not address whether the trial court erred in
granting summary judgment based, in part, on the Zunigas' failure to file a response
to the motion for summary judgment.


 See Tex. R. App. P. 47.1. 

IV. CONCLUSION
         Having sustained two of the Zunigas' issues, we reverse the summary judgment
of the trial court. We remand for further proceedings consistent with this opinion. 
See Tex. R. App. P. 43.2(d). 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Memorandum Opinion delivered and filed
this 29th day of July, 2004. 

Retired Justice Don Wittig not participating.