COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-266-CV

 

 

ANTHONY MEEKS                                                               APPELLANT

 

                                                   V.

 

GREGORY W. SPENCER                                                          APPELLEE

FUNERAL
DIRECTORS, INC.

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








In two issues, Anthony Meeks
asserts error on the part of the trial court in granting summary judgment
against Meeks and in favor of Gregory W. Spencer Funeral Directors, Inc.
(Spencer) because (1) genuine issues of material fact were raised by Meeks on each
element of his negligence claim and (2) Meeks had insufficient notice of the
hearing on Spencer=s motion for
summary judgment.  We affirm.

II.  Background

This is the case of the
motorcycle mishap.  Meeks worked as a
part-time employee of Glasco Funeral Escort Services (Glasco) on December 29,
2001.  Spencer contracted with Glasco to
provide motorcycle escorts for funerals held by Spencer when families requested
motorcycle escorts during funeral processions to the burial location.  Glasco trained Meeks regarding his
responsibilities as a motorcycle escort, which included giving him specific
instructions that Meeks was to perform his duties in accordance with the laws
of this state.  Glasco provided Meeks
training, a motorcycle, a Glasco uniform, a helmet, and a whistle.  He was to ride with the funeral procession,
keep the cars in the procession together, keep intersections clear as the
funeral procession passed through them, and allow the procession to proceed in
a dignified manner.  Spencer would
determine the route to be taken from the church to the cemetery and would
advise Glasco of that information and any other appropriate addresses, but no
instruction was given to Meeks directly by Spencer.








With regard to the route
taken from the funeral home in Fort Worth to the cemetery in Mansfield on the
day in question, Meeks had acted as an escort on this route on previous
occasions and was familiar with the route. 
There were eighty cars in the procession, led at various times by the
first three Spencer vehicles or, when traversing an intersection, one of the
motorcycles provided by Glasco.  Benetha
Johnson, a limousine driver, testified that Dr. Spencer drove the lead vehicle,
that she was seven or eight cars behind the lead car, and that the procession
never exceeded the speed limit and stayed at least ten miles per hour under the
speed limit.  Meeks worked the rear of
the funeral procession and was the last of the four Glasco motorcycle
escorts.  His main objective was to keep
non-funeral cars from entering the procession, which was to travel sixteen to
twenty miles to the cemetery.[2]









Meeks had approximately ten
cars behind him after he had cleared the last intersection prior to reaching
the cemetery and was within two miles of the destination.  After clearing the last intersection, Meeks
decided to pass some of the cars that he was escorting on a curve, which
necessitated his riding in the oncoming lane of traffic.  According to Meeks, during this maneuver he
had a collision with one of the vehicles that he was escorting and lost
control, leaving the roadway and striking a tree, which resulted in serious
paralyzing injuries.  He testified that
at the time of the accident, he was traveling fifty to fifty-five miles per
hour in a forty mile per hour zone and did not have trouble controlling his
motorcycle at that speed.  He testified
that the procession was traveling at the speed limit at that time.  Meeks testified that he saw a Cadillac coming
close to his motorcycle across the center line and then felt his motorcycle get
bumped by the car, causing the bike to go sideways into oncoming traffic and
resulting in his accident. 

The police report generated
following the accident lists the contributing factor as Afailed to control speed@ and lists Adriver
inattention@ as a factor
that may or may not have contributed to the accident.  Meeks appears to have also testified that the
speed contributed to the accident.[3]  Eyewitness Charlie Joe Gibbs, who was stopped
at a stop sign as the funeral procession passed, testified by affidavit that
the motorcycle Aappeared to
be speeding@ and that it


clipped
the left front bumper of a car in the funeral procession.  The car in the procession was following along
in the procession and did not appear to me to have moved out of the eastbound
lane at any time before or after the motorcycle clipped the bumper of the car.

 








He further testified that this contact caused the
accident.  David Holmes, a member of the
procession, testified that just prior to the accident the procession was
proceeding at about the speed limit.  On
the other hand, Bertha McElroy, who was in the procession, testified by affidavit
that she did not see any vehicle strike Mr. Meeks=s motorcycle and that AMr. Meeks was seriously hurt after the high rate of speed caused him
to lose control and be ejected from his motorcycle.@[4]  She also testified that at one
point in the procession she was involved in an accident because @we were going beyond the speed limit,@ which was also the case at the time of Meeks=s accident.

An accident
reconstructionist, Charles Ruble, opined that the procession=s speed was greater than what was reasonable and prudent under the
circumstances, and as a result, Meeks was required to operate his vehicle at an
unsafe speed.  Ten to twenty miles per
hour under the posted speed limit is the industry standard.  Valentin Gracia, Jr., a funeral director,
reviewed the testimony and the police report and opined that Athe funeral procession was traveling at [an] unsafe speed at the time
of Mr. Meeks=[s]
accident.@

 

 








III.  Procedural History

The trial court originally
granted a summary judgment in favor of Spencer but then signed its Order
Granting Plaintiff=s Motion to
Reconsider or Rehear Defendant=s Second Amended Motion for Summary Judgment and Denying Defendant=s Motion for Summary Judgment. 
Following a motion by Spencer to reconsider its motion for summary
judgment, the trial court on June 20, 2005, signed its Order Granting Defendant
Gregory W. Spencer Funeral Directors, Inc.=s Motion for Summary Judgment without specifying the grounds
therefor.  Spencer=s motion was both a traditional and no-evidence motion for summary
judgment, alleging that Spencer owned no duty to Meeks and that there was no
evidence that any employee of Spencer was negligent.  

IV.  Summary Judgment Hearing Notice

In his second issue, Meeks
complains that he received twenty-three instead of twenty-four days= notice of the hearing on Spencer=s Motion for Summary Judgment. 
The procedural history of the hearing on this motion is as follows:

July 7, 2004               Defendant filed its Second Motion
for Summary Judgment on the issues of duty and proximate cause.  Spencer gave notice of the hearing on its
Second Motion for Summary Judgment.

 

August 6, 2004          A hearing was held on Spencer=s
Motion.








August 18, 2004 The court entered an Order Granting Spencer=s
Second Motion for Summary Judgment.

 

September 17, 2004    Plaintiff filed a Motion to Reconsider.

 

April 21, 2005            The court granted Plaintiff=s
Motion to Reconsider and Set Aside its Order Granting Defendant=s
Second Motion for Summary Judgment.

 

May 24, 2005             Defendant filed its Motion to
Reconsider the Order Granting Plaintiff=s Motion to Reconsider and a
Supplemental Motion for Summary Judgment that included the issues of duty and
proximate cause.

 

May 25, 2005             Spencer=s
counsel faxed a notice to Meeks=s counsel that the hearing on
Defendant=s
Second Motion for Summary Judgment and Reconsideration was scheduled for June
17, 2005, which was twenty-three days later.

 

June 10, 2005            Plaintiff served a full Response to
Defendant=s
Motion to Reconsider the Order Granting Plaintiff=s
Motion to Reconsider and a Supplemental Motion for Summary Judgment.

 

June 17, 2005            The court held a hearing on
Defendant=s
Motion to Reconsider the Order Granting Plaintiff=s Motion
to Reconsider and a Supplemental Motion for Summary Judgment.

 








June 20, 2005            The
court entered an Order Granting Defendant=s Motion to Reconsider the Order Granting Plaintiff=s Motion to Reconsider and a Supplemental Motion for Summary Judgment.

Meeks cites Gunn v. Zarsky,
893 S.W.2d 13 (Tex. App.CCorpus
Christi 1994, no writ), for the proposition that the failure to timely give to
the respondent a notice of a hearing on a motion for summary judgment requires
reversal.  The Gunn court found
that AGunn did not receive minimum notice of the summary judgment hearing@ (he asserted he had received no notice at all) and reversed the trial
court Afor failing to grant Gunn a new trial.@  Id. at 17.  This case is factually distinguishable in
that Meeks did not request a new trial; he received twenty-three days= notice of the hearing. 
Furthermore, he has not shown harm, that is, what he could or would have
done in the missing twenty-four hours. 
We hold that under the facts of this case, no reversal is required.  We overrule Meeks=s second issue.

V.  Standards of Review








In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin Auth., 589 S.W.2d at
678.

A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004).  Once the defendant
produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the plaintiff to come forward with competent controverting
evidence raising a genuine issue of material fact with regard to the element
challenged by the defendant.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).








The function of summary
judgment practice is not to deprive a litigant of the right to a jury trial but
to eliminate patently unmeritorious claims and untenable defenses.  Gulbenkian v. Penn, 151 Tex. 412, 252
S.W.2d 929, 931 (1952).  Questions of law
are appropriate matters for summary judgment. 
Rhone-Poulenc, 997 S.W.2d at 222.  Texas Rule of Civil Procedure 166a does
not prohibit a party from combining in a single motion a request for summary
judgment that utilizes the procedures under either subsection (a) or (b) with a
request for summary judgment that utilizes subsection (i) and asserts that
there is Ano evidence
of one or more essential elements of a claim or defense.@  Binur v. Jacobo, 135
S.W.3d 646, 650 (Tex. 2004).  

When a party moves for
summary judgment under both rules 166a(c) and 166a(i), we will first review the
trial court=s judgment
under the standards of rule 166a(i).  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the appellants failed to produce more than
a scintilla of evidence under that burden, then there is no need to analyze
whether appellee=s summary
judgment proof satisfied the less stringent rule 166a(c) burden.  Id.








When a trial court=s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Harwell, 896 S.W.2d at
173.  When the trial court=s judgment rests upon more than one independent ground or defense, the
aggrieved party must assign error to each ground, or the judgment will be
affirmed on the ground to which no complaint is made.  Scott v. Galusha, 890 S.W.2d 945, 948
(Tex. App.CFort Worth
1994, writ denied).

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co., 73 S.W.3d at 215.








We review the evidence in the
light most favorable to the party against whom the no evidence summary judgment
was rendered.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 514 U.S.
1030 (2004); Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied). 

Less than a scintilla of
evidence exists when the evidence is so weak that it does nothing more than
create a mere surmise or suspicion of a fact. 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when
the evidence would enable reasonable and fair-minded people to reach different
conclusions.  Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 601 (Tex. 2004); Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119
(1998).  A genuine issue of material fact
is raised by presenting evidence on which a reasonable jury could return a
verdict in the nonmovant=s
favor.  Moore, 981 S.W.2d at 266; see
also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-56, 106 S.
Ct. 2505, 2513-14 (1986) (interpreting Fed.
R. Civ. P. 56).

VI.  NegligenceCIssues of Fact

In his first issue, Meeks
asserts that he demonstrated evidence of each element of his negligence cause
of action, which precluded the granting of Spencer=s motion for summary judgment.  








It is axiomatic that an
element of a negligence cause of action is proximate cause.  See Mission Petroleum Carriers, Inc. v.
Solomon, 106 S.W.3d 705, 717 (Tex. 2003). 
Proximate cause consists of two elements:  cause-in-fact and foreseeability.  Reed v. Scott Fetzer Co., 990 S.W.2d
732, 737 (Tex. 1998).  

An examination of the record
reveals that Meeks may have been exceeding the speed limit at the time of the
accident and that there is more than a scintilla of evidence that speed was a
contributing cause to the accident itself. 
However, there is insufficient evidence that any action, or inaction, of
Spencer at the time of the incident was a proximate cause of Mr. Meeks=s unfortunate accident.  As
such, we overrule Meeks=s first
issue.  

VII.  Conclusion

Having overruled Meeks=s two issues, we affirm the judgment of the trial court.

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DELIVERED:
May 4, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]The evidence conflicted on whether
the route taken was one that was sixteen miles or one that was twenty miles.





[3]        Q:
Is there anything else about that two-lane road that you think contributed to
this accident?

 

A: Well, the speed, like I say.





[4]She also testified that, in an Evel
Knievel-type jump, A[Meeks] flew over the hood of my
brother-in-law=s automobile.@ 
She also testified that she was involved in an earlier accident, while
she was a member of the procession, when she rear-ended a car in front of her
due to the high rate of speed of the procession.