MEEKS V. GREGORY W. SPENCER FUNERAL DIRECTORS, INC.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-266-CV

ANTHONY MEEKS APPELLANT

V.

GREGORY W. SPENCER APPELLEE

FUNERAL DIRECTORS, INC.

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In two issues, Anthony Meeks asserts error on the part of the trial court in granting summary judgment against Meeks and in favor of Gregory W. Spencer Funeral Directors, Inc. (Spencer) because (1) genuine issues of material fact were raised by Meeks on each element of his negligence claim and (2) Meeks had insufficient notice of the hearing on Spencer’s motion for summary judgment.  We affirm.

II.  Background

This is the case of the motorcycle mishap.  Meeks worked as a part-time employee of Glasco Funeral Escort Services (Glasco) on December 29, 2001.  Spencer contracted with Glasco to provide motorcycle escorts for funerals held by Spencer when families requested motorcycle escorts during funeral processions to the burial location.  Glasco trained Meeks regarding his responsibilities as a motorcycle escort, which included giving him specific instructions that Meeks was to perform his duties in accordance with the laws of this state.  Glasco provided Meeks training, a motorcycle, a Glasco uniform, a helmet, and a whistle.  He was to ride with the funeral procession, keep the cars in the procession together, keep intersections clear as the funeral procession passed through them, and allow the procession to proceed in a dignified manner.  Spencer would determine the route to be taken from the church to the cemetery and would advise Glasco of that information and any other appropriate addresses, but no instruction was given to Meeks directly by Spencer.

With regard to the route taken from the funeral home in Fort Worth to the cemetery in Mansfield on the day in question, Meeks had acted as an escort on this route on previous occasions and was familiar with the route.  There were eighty cars in the procession, led at various times by the first three Spencer vehicles or, when traversing an intersection, one of the motorcycles provided by Glasco.  Benetha Johnson, a limousine driver, testified that Dr. Spencer drove the lead vehicle, that she was seven or eight cars behind the lead car, and that the procession never exceeded the speed limit and stayed at least ten miles per hour under the speed limit.  Meeks worked the rear of the funeral procession and was the last of the four Glasco motorcycle escorts.  His main objective was to keep non-funeral cars from entering the procession, which was to travel sixteen to twenty miles to the cemetery.
(footnote: 2) 

Meeks had approximately ten cars behind him after he had cleared the last intersection prior to reaching the cemetery and was within two miles of the destination.  After clearing the last intersection, Meeks decided to pass some of the cars that he was escorting on a curve, which necessitated his riding in the oncoming lane of traffic.  According to Meeks, during this maneuver he had a collision with one of the vehicles that he was escorting and lost control, leaving the roadway and striking a tree, which resulted in serious paralyzing injuries.  He testified that at the time of the accident, he was traveling fifty to fifty-five miles per hour in a forty mile per hour zone and did not have trouble controlling his motorcycle at that speed.  He testified that the procession was traveling at the speed limit at that time.  Meeks testified that he saw a Cadillac coming close to his motorcycle across the center line and then felt his motorcycle get bumped by the car, causing the bike to go sideways into oncoming traffic and resulting in his accident. 

The police report generated following the accident lists the contributing factor as “failed to control speed” and lists “driver inattention” as a factor that may or may not have contributed to the accident.  Meeks appears to have also testified that the speed contributed to the accident.
(footnote: 3)  Eyewitness Charlie Joe Gibbs, who was stopped at a stop sign as the funeral procession passed, testified by affidavit that the motorcycle “appeared to be speeding” and that it 

clipped the left front bumper of a car in the funeral procession.  The car in the procession was following along in the procession and did not appear to me to have moved out of the eastbound lane at any time before or after the motorcycle clipped the bumper of the car.

He further testified that this contact caused the accident.  David Holmes, a member of the procession, testified that just prior to the accident the procession was proceeding at about the speed limit.  On the other hand, Bertha McElroy, who was in the procession, testified by affidavit that she did not see any vehicle strike Mr. Meeks’s motorcycle and that “Mr. Meeks was seriously hurt after the high rate of speed caused him to lose control and be ejected from his motorcycle.”
(footnote: 4)  She also testified that at one point in the procession she was involved in an accident because ”we were going beyond the speed limit,” which was also the case at the time of Meeks’s accident.

An accident reconstructionist, Charles Ruble, opined that the procession’s speed was greater than what was reasonable and prudent under the circumstances, and as a result, Meeks was required to operate his vehicle at an unsafe speed.  Ten to twenty miles per hour under the posted speed limit is the industry standard.  Valentin Gracia, Jr., a funeral director, reviewed the testimony and the police report and opined that “the funeral procession was traveling at [an] unsafe speed at the time of Mr. Meeks’[s] accident.”

III.  Procedural History

The trial court originally granted a summary judgment in favor of Spencer but then signed its Order Granting Plaintiff’s Motion to Reconsider or Rehear Defendant’s Second Amended Motion for Summary Judgment and Denying Defendant’s Motion for Summary Judgment.  Following a motion by Spencer to reconsider its motion for summary judgment, the trial court on June 20, 2005, signed its Order Granting Defendant Gregory W. Spencer Funeral Directors, Inc.’s Motion for Summary Judgment
 
without specifying the grounds therefor.  Spencer’s motion was both a traditional and no-evidence motion for summary judgment, alleging that Spencer owned no duty to Meeks and that there was no evidence that any employee of Spencer was negligent.  

IV.  Summary Judgment Hearing Notice

In his second issue, Meeks complains that he received twenty-three instead of twenty-four days’ notice of the hearing on Spencer’s Motion for Summary Judgment.  The procedural history of the hearing on this motion is as follows:

July 7, 2004 Defendant filed its Second Motion for Summary Judgment on the issues of duty and proximate cause.  Spencer gave notice of the hearing on its Second Motion for Summary Judgment.

August 6, 2004 A hearing was held on Spencer’s Motion.

August 18, 2004 The court entered an Order Granting Spencer’s Second Motion for Summary Judgment.

September 17, 2004 Plaintiff filed a Motion to Reconsider.

April 21, 2005 The court granted Plaintiff’s Motion to Reconsider and Set Aside its Order Granting Defendant’s Second Motion for Summary Judgment.

May 24, 2005 Defendant filed its Motion to Reconsider the Order Granting Plaintiff’s Motion to Reconsider and a Supplemental Motion for Summary Judgment that included the issues of duty and proximate cause.

May 25, 2005 Spencer’s counsel faxed a notice to Meeks’s counsel that the hearing on Defendant’s Second Motion for Summary Judgment and Reconsideration was scheduled for June 17, 2005, which was twenty-three days later.

June 10, 2005 Plaintiff served a full Response to Defendant’s Motion to Reconsider the Order Granting Plaintiff’s Motion to Reconsider and a Supplemental Motion for Summary Judgment.

June 17, 2005 The court held a hearing on Defendant’s Motion to Reconsider the Order Granting Plaintiff’s Motion to Reconsider and a Supplemental Motion for Summary Judgment.

June 20, 2005 The court entered an Order Granting Defendant’s Motion to Reconsider the Order Granting Plaintiff’s Motion to Reconsider and a Supplemental Motion for Summary Judgment.

Meeks cites 
Gunn v. Zarsky
, 893 S.W.2d 13 (Tex. App.—Corpus Christi 1994, no writ), for the proposition that the failure to timely give to the respondent a notice of a hearing on a motion for summary judgment requires reversal.  The 
Gunn
 court found that “Gunn did not receive minimum notice of the summary judgment hearing” (he asserted he had received no notice at all) and reversed the trial court “for failing to grant Gunn a new trial.”  
Id
. at 17.  This case is factually distinguishable in that Meeks did not request a new trial; he received twenty-three days’ notice of the hearing.  Furthermore, he has not shown harm, that is, what he could or would have done in the missing twenty-four hours.  We hold that under the facts of this case, no reversal is required.  We overrule Meeks’s second issue.

V.  Standards of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin Auth.
, 589 S.W.2d at 678.

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).
  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

The function of summary judgment practice is not to deprive a litigant of the right to a jury trial but to eliminate patently unmeritorious claims and untenable defenses.  
Gulbenkian v. Penn
, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).  Questions of law are appropriate matters for summary judgment.  
Rhone-Poulenc
, 997 S.W.2d at 222.
  
Texas Rule of Civil Procedure 166a does not prohibit a party from combining in a single motion a request for summary judgment that utilizes the procedures under either subsection (a) or (b) with a request for summary judgment that utilizes subsection (i) and asserts that there is “no evidence of one or more essential elements of a claim or defense.”  
Binur v. Jacobo
, 135 S.W.3d 646, 650 (Tex. 2004).  

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under the standards of rule 166a(i).  
Ford Motor Co. v. Ridgway, 
135 S.W.3d 598, 600 (Tex. 2004).  If the appellants failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether appellee’s summary judgment proof satisfied the less stringent rule 166a(c) burden.  
Id.

When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.  
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell,
 896 S.W.2d at 173.  When the trial court’s judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made.  
Scott v. Galusha,
 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co., 
73 S.W.3d at 215.

We review the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 514 U.S. 1030 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Less than a scintilla of evidence exists when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact.  
Kindred v. Con/Chem, Inc.,
 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.  
Ford Motor Co. v. Ridgway
, 135 S.W.3d 598, 601 (Tex. 2004); 
Merrell Dow Pharms., Inc. v. Havner,
 953 S.W.2d 706, 711 (Tex. 1997), 
cert. denied
, 523 U.S. 1119 (1998).  A genuine issue of material fact is raised by presenting evidence on which a reasonable jury could return a verdict in the nonmovant’s favor.  
Moore,
 981 S.W.2d at 266; 
see also
 
Anderson v. Liberty Lobby, Inc.
, 477 U.S. 242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting 
Fed. R. Civ. P.
 56).

VI.  Negligence—Issues of Fact

In his first issue, Meeks asserts that he demonstrated evidence of each element of his negligence cause of action, which precluded the granting of Spencer’s motion for summary judgment.  

It is axiomatic that an element of a negligence cause of action is proximate cause.  
See Mission Petroleum Carriers, Inc. v. Solomon
, 106 S.W.3d 705, 717 (Tex. 2003).  Proximate cause consists of two elements:  cause-in-fact and foreseeability.  
Reed v. Scott Fetzer Co.
, 990 S.W.2d 732, 737 (Tex. 1998).  

An examination of the record reveals that Meeks may have been exceeding the speed limit at the time of the accident and that there is more than a scintilla of evidence that speed was a contributing cause to the accident itself.  However, there is insufficient evidence that any action, or inaction, of Spencer at the time of the incident was a proximate cause of Mr. Meeks’s unfortunate accident.  As such, we overrule Meeks’s first issue.  

VII.  Conclusion

Having overruled Meeks’s two issues, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: May 4, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The evidence conflicted on whether the route taken was one that was sixteen miles or one that was twenty miles.

3:
Q: Is there anything else about that two-lane road that you think contributed to this accident?

A: Well, the speed, like I say.

4:
She also testified that, in an Evel Knievel-type jump, “[Meeks] flew over the hood of my brother-in-law’s automobile.”  She also testified that she was involved in an earlier accident, while she was a member of the procession, when she rear-ended a car in front of her due to the high rate of speed of the procession.