In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00111-CV


______________________________





IN RE:


DELVIN DARNELL JAMES









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Delvin Darnell James filed a petition for writ of mandamus complaining of the Harrison
County District Clerk's alleged refusal to respond to his motions for a free appellate record, and
failure to provide the same. 

 Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion
or a violation of a duty imposed by law when no other adequate remedy by law is available. State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984). This Court has the authority to issue a writ of
mandamus in two instances, the first being when it is necessary to enforce this Court's jurisdiction. 
Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). It is James's burden to properly request and
show entitlement to the mandamus relief he requests. See generally Johnson v. Fourth District
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). James does not claim the
existence of, and does not attach evidence of, an appealable order or notice of appeal. Thus, James
has not made a showing that the writ of mandamus is necessary to enforce our jurisdiction. 

 The second instance in which we have authority to issue a writ of mandamus occurs where
it is "against a judge of a district or county court in the court of appeals district; or a judge of a
district court acting as a magistrate at a court of inquiry in the court of appeals district." Tex. Gov't
Code Ann. § 22.221(b) (Vernon 2004). James seeks a writ of mandamus against a district clerk.
Because the clerk is not a proper party against which mandamus relief may be brought in this Court,
we deny James's petition for writ of mandamus against the Harrison County District Clerk for lack
of jurisdiction. In re Phillips, No. 06-07-00057-CV, 2007 WL 1202773 (Tex. App.--Texarkana
Apr. 25, 2007, no pet.) (mem. op., not designated for publication). 

 We deny the petition for writ of mandamus. 



 Bailey C. Moseley

 Justice


Date Submitted: October 9, 2008

Date Decided: October 10, 2008

 



.Ed.2d at 82.

Mosser, 893 S.W.2d at 13.

 Mosser illustrates the fundamental right of a party to receive notice of the pendency of an
action sufficient to afford him the opportunity to respond. (1)
 In this context, the scheduling of a
summary judgment hearing is actually more significant than the occurrence of the hearing because
the hearing date determines the deadline for any response to the motion-and oral testimony cannot
be adduced at the hearing. Tex. R. Civ. P. 166a(c).

 In this case, Forrester stated categorically through affidavit that he did not have notice of any
date of hearing on the summary judgment. This is supported by the record, because the attachment
to Oil Con.'s Motion for Summary Judgment which would contain a date for the hearing is blank. 
Forrester did not appear at the summary judgment hearing, and he did not file or seek to late-file a
response to the Motion for Summary Judgment. Further, Oil Con. did not file any response to
Forrester's Motion for New Trial or make any effort to rebut his claim that he had no notice of the
setting of a hearing date on the Motion for Summary Judgment. No hearing was held on the Motion
for New Trial. Thus, the only evidence before this court is Forrester's affidavit attached to his
Motion for New Trial. 

 Determining whether to grant or deny a motion for new trial is a matter which falls within
the sound discretion of the trial judge. Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85 (Tex.
1992); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). Although the trial judge's decision will
not be disturbed absent an abuse of discretion, Strackbein, 671 S.W.2d at 38, we treat the trial judge's
application of law to the facts with less deference than we do the judge's findings of fact. Greiner
v. Jameson, 865 S.W.2d 493, 498 (Tex. App.-Dallas 1993, writ denied). The trial judge does not
have unbridled discretion to decide a motion for new trial, but instead must rely on guiding rules and
principles in reaching his or her decision. Mosser, 893 S.W.2d at 10.

 Because the record establishes that Forrester had neither actual nor constructive notice of the
summary judgment hearing, and in the absence of any appearance of waiver, we conclude that the
trial court abused its discretion by failing to grant a new trial.


 We reverse the trial court's judgment and remand the case for further proceedings.



 Ben Z. Grant

 Justice


Date Submitted: November 5, 2001

Date Decided: November 6, 2001


Do Not Publish
1. Reaching the same conclusion: Martin v. Martin, Martin & Richards, Inc., 991 S.W.2d 1,
14 (Tex. App-Fort Worth 1997), rev'd on other grounds, 989 S.W.2d 357 (Tex. 1998); Guinn v.
Zarsky, 893 S.W.2d 13 (Tex. App.-Corpus Christi 1994, no writ) (agreeing with the reasoning, but
distinguishing because the argument was waived below).